Blankman v. Vallejo.

---

BLANKMAN *et al. v.* VALLEJO *et als.*

In a foreclosure suit on bond and mortgage, the fact that the bond offered in proof on the trial does not answer the description of the bond as recited in the mortgage, is matter of identity merely, and not properly matter of variance—the bond offered answering to the description given in the complaint.

Where a mortgage is given to secure a debt, it is not of the essence of the deed whether the debt be evidenced by one form of contract or another. All that a

Blankman *v.* Vallejo.

Court of Equity desires to know in such cases is, what is the debt really intended to be secured; and whether it be called a note or bond is immaterial, so that the debt itself be identified as that for which the mortgage is given.

In equity the general denials made by traversing literally and conjunctively the statements of a sworn bill, are not legitimate for the purpose of putting in issue specific allegations; for, in this way, a party may deny the *entire charges* in form as stated against him, in consistency with admitting the truth of the specific charge or even the *substantial fact.*

The rules of pleading, both under the old equity system, and under our present system, are intended to prevent evasion, and to require a denial of every specific averment in a sworn bill, in substance and in spirit, and not merely a denial of its literal truth; and whenever the defendant fails to make such denial, he admits the averment.

In this case, as the bond in the complaint answers to the description of the bond offered in evidence, and as the complaint avers that the mortgage was given to secure *this bond*—the denials in the answer being literal and conjunctive— the execution of the bond and mortgage was held to be admitted by the answer, as also that the mortgage was given to secure the debt evidenced by the bond.

Although an answer denies the delivery of a bond and mortgage, still their possession by plaintiff is evidence of delivery.

An answer, under our statute, is not proof for defendant, but an admission in the answer of a fact stated in the complaint is conclusive evidence against him.

A Court may reject the most positive testimony, though the witness be not discredited by direct testimony impeaching him or contradicting his statements. The inherent improbability of his statements may deny to them all claims to belief.

APPEAL from the Third District.

Foreclosure on bond and mortgage. The averments in the complaint as to the bond are: "That on the twenty-sixth day of December, 1853, the above named defendants, José de Jesus Vallejo and Soledad de Vallejo, his wife, etc., made and executed under their hands and seals, and delivered to the said plaintiffs, a bond, bearing date on that day, in the sum of $30,000, with a condition thereunder written in substance, that if the obligors in the said bond, their heirs, etc., should well and truly pay, or cause to be paid, to the obligees, etc., the just and full sum of $30,000, then the said bond to be null and void, else to remain in full force."

The denial of this averment is: defendants "deny (except as hereinafter admitted) that these defendants made and executed under their hands and seals, and delivered to the said plaintiffs a bond, bearing date on that day (viz: the twenty-sixth day of December, 1853) in the sum of $30,000, with a condition thereunder written, in substance,

that if the obligors in the said bond, their heirs, etc., should well and truly pay, or cause to be paid, to the obligees therein named, their executors, etc., the just and full sum of $30,000, then the said bond to be void, else to remain in full force."

The averment as to the mortgage is: " And the said José, etc., to secure the payment of the principal sum mentioned in the conditions of the said bond, with interest thereon at the rate of one per cent. per month, did at the same time execute, under their hands, etc., a mortgage bearing even date with the said bond, and conditioned for the payment of the said sum of $30,000 twelve months after date, with the privilege of six months more, at the option of the said José, etc., with interest at the rate of one per cent. per month, payable semi-annually, on the second day of January and the first day of July in each and every year."

The denial of this averment is: " And these defendants deny that they, to secure the payment of the principal sum mentioned in the condition of said bond (to wit: the bond mentioned and referred to in plaintiff's complaint, or the bond hereinbefore averred to have been signed and sealed by these defendants) with interest thereon at the rate of one per cent. per month, did, at the same time, execute under their hands and seals, and deliver to the said plaintiffs a mortgage bearing even date with said bond, conditioned," etc.

The answer also contains a denial that defendants " ever executed and delivered to plaintiffs, or either of them, any mortgage to secure the payment of the bond mentioned and referred to in plaintiffs' complaint."

Defendants also set up that the bond and mortgage were without consideration, and procured by fraud, threats, etc.

On the trial, plaintiffs offered in evidence a bond dated December 26, 1853, signed by Vallejo and wife, in the penal sum of $30,000, conditioned for the payment of $30,000 on demand, nothing being said in the bond about interest, or about payment in twelve months, with the privilege of six months more, at the option of the obligors, etc. Defendants objected that the execution of the bond was not proven by the subscribing witness or otherwise.    Objection overruled on the ground that the execution of the bond was proven by signing and sealing, and its delivery by its production in Court by plaintiffs—defendants excepting.

Defendants then objected that the bond offered in evidence was not

the bond described in the complaint, because it was payable on demand, without interest, while the latter was payable in twelve or eighteen months at the option of the obligors, with interest at one per cent. per month.    Overruled, defendants excepting.

Defendants then objected that the bond offered is not the bond described in the mortgage, as appears from the complaint.    Upon this objection the Court refused to pass at that stage of the trial, defendants excepting.

The bond having been read, plaintiffs offered in evidence a mortgage reciting a bond in a penal sum of $60,000, conditioned for the payment of $30,000 in twelve or eighteen months, with interest at one per cent. etc., as is averred in the complaint; the mortgage being conditioned for the payment of the bond therein recited.

Defendants objected that the plaintiffs had not produced and offered in evidence the bond described in said mortgage, whereupon counsel for plaintiffs stated they had offered the only bond they proposed to offer.    Defendants further objected to the introduction of the mortgage, that it was neither averred in the complaint nor proven that the mortgage was given to secure the payment of the bond read; that it was neither averred nor proven that the bond and mortgage were given to secure the same debt; that it was neither averred nor proven that at the date and delivery of the mortgage, there was any debt owing from defendants to plaintiffs which the mortgage was given to secure; that it appeared from an inspection of the bond and mortgage, that the latter was not given to secure the payment of the former, but another and different bond.    The objections being overruled, and the mortgage read, plaintiffs rested.

After evidence by defendants as to fraud, etc., the Court below gave plaintiffs judgment for $30,000, with a decree of foreclosure and sale. Defendants appeal.

*Stow & Brown*, for Appellants.

I.    The District Court erred in admitting the bond in evidence, as it differs from the bond described in the complaint.    The *allegata et probata* must correspond.    (*Rich* v. *Davis et al.*, 4 Cal. 23 ; *Coter* v. *Campbell*, 3 Id. 191.)

II.    The Court erred in admitting the mortgage in evidence, because plaintiff had not produced and given in evidence the bond recited in the mortgage.    (*Bennett* v. *Taylor*, 5 Cal. 502.)

In the following cases this Court has established as settled law that a mortgage is a mere security for and incident to the debt: *Dillon* v. *Byrne*, 5 Cal. 455; *Ord* v. *McKee*, 5 Id. 515; *Payne* v. *Bensley*, 6 Id. 99; *McMillan* v. *Richards*, 9 Id. 409, 410, 411.

From these authorities we deduce the following conclusions: that in an action to foreclose a mortgage, which mortgage recites that it was given to secure the payment of a particular bond, which bond is recited to be payable at a time certain, with a rate of interest exceeding the statutory, it is necessary for the plaintiff to produce and prove a bond exactly corresponding with the recitals in the mortgage. (See also, *Scott* v. *Field*, 7 Watts, 360; *Vose* v. *Handy*, 2 Greenl.; *Chening* v. *Proctor*, 2 McCord's Ch. 11, 15; *Doe* v. *McLosky*, 1 Ala. 708, 716, 721, 737.)

If the mortgage by mistake misrecited the bond, plaintiffs should have averred and proved: first, that the bond was given for a valid and valuable consideration; second, that the mortgage was intended to secure the bond, but by mistake misrecited the bond. (9 Wheat. 489; 8 Cow. 4; 9 Id. 289.)

III.    The Court erred in declining to hold that the bond and the mortgage were without consideration and were void, having been procured by fraud, deceit and threats, to which plaintiffs were parties.

*John Currey and E. W. F. Sloan*, for Respondents.

I.    The bond and mortgage are correctly described in the complaint. There is no variance, real or pretended. The apparent discrepancy is between the bond and mortgage.

II.    It is not necessary to the validity of a mortgage that it should describe accurately the instrument by which the personal obligation is evidenced. (*Shirras* v. *Caig*, 7 Cranch. 34, 52; *Jackson* v. *Bowen*, 7 Cow. 13, 18; *Frink* v. *Branch*, 16 Conn. 274.)

It is not even necessary that there should be a personal obligation at all. The obligation to pay may be limited to the thing pledged. A personal security may be released and given up, leaving the mortgage a charge upon the land. (3 Barb. Ch. R. 378.)

III.    The identity of the bond and mortgage is fully established by the pleadings and proofs. The bill alleges the making and delivery of a bond, dated twenty-sixth of December, 1853, in the sum of $30,000, conditioned for the payment of $30,000, etc.; that to secure the payment of the principal sum mentioned in the condition of said bond, the

appellants made and delivered a mortgage of the same date, which was duly proved, and recorded in a certain book, and on a certain page.

The answer admits the making, but denies the delivery of the bond described in the complaint. A similar admission is made in regard to the mortgage.

The general denials contained in the answer are all by way of negative pregnant. They unite conjunctively a large number of matters in the very words of the bill, implying the supposition that all may be literally true, as alleged in the bill, except one. Such pleading puts nothing in issue. (Story's Eq. Plead. sec. 852, 855; *Piercy* v. *Sabins,* 10 Cal. 26, 30.)

There was nothing put in issue but the allegation of delivery of the bond and mortgage; and this was proved by their possession and production in evidence on the part of plaintiffs, (respondents) and when so produced, they were of themselves evidence of the debt.

The rule that you must take the whole statement, or no part of it as an admission, only applies where the answer is read in evidence in another suit or action. It has no application where it is a pleading in the same case. (Greenl. Eq. Ev. 7, 468 and notes; *Bartlett* v. *Gale,* 4 Paige R. 507; 4 Phil. Ev., C. & H. notes, 52.)

IV. If Adler had deposed in the manner set forth in the affidavit for continuance, he would, by so testifying, have sworn to his own infamy, and proved himself to be unworthy of credit. His testimony could not be believed. (4 Phil. Ev. note 383, 746, 747.)

The testimony of Adler is not only wholly unsustained by any corroborating fact or circumstance, but is absolutely improbable, and directly opposed by every fact and circumstance in the case.

BALDWIN, J. delivered the opinion of the Court—FIELD, J. concurring.

Bill filed by the respondent to foreclose a mortgage. The mortgage was made to secure a debt of $ 30,000.

Two errors are assigned: 1. That there was a variance between the bond offered in evidence and that described in the mortgage, and therefore, the mortgage was improperly admitted in evidence.

It is not pretended that there was any variance between the bond and the complaint. The point is, that the mortgage recites a particular bond, and that the bond offered in proof does not answer to this description. But this is not matter of variance, properly so-called; it

is a mere question of identity. If it had been matter of variance, such as in common law actions would have excluded the proof—as not corresponding with the allegation—from the jury, the Court should, and would, at once, have permitted an amendment, so that the proof and the averment might be consistent; for the time has long gone by when small clerical misprisions of this sort are allowed to prevail against the merits of a case. But we understand the rule to be that when a mortgage is given to secure a debt, it is not of the essence of the deed whether the debt be evidenced by one form of contract or another. All that a Court of Equity desires to know in such cases is, what is the debt really intended to be secured; and whether it is called a note or bond is immaterial, so that the debt itself be identified as that for which the mortgage is given. (*Jackson ex dem., Merritt* v. *Bowen & Neff,* 7 Cow. 13.) But if this were not so, the answer of the defendants, in the second paragraph, admits the execution of the bond described in the complaint—though it denies the delivery. The bond in the complaint answers to the description of the bond offered. There is no denial in the answer that, to secure *this bond,* the mortgage set out in the complaint was executed. The general denials (as we have often held) which are sometimes made by traversing literally and conjunctively the statements of a sworn bill, are not legitimate for the purpose of putting in issue specific allegations; for a party may well deny in this way the *entire charges* in form as stated against him, in consistency with admitting the truth of the specific charge, or even the substantial fact; relieving his conscience under the notion that he has only denied *all* to be true which is alleged against him, and not each and every part. But the object of the rules of pleading is to prevent any such evasion, and to require a denial of every specific averment, and this in its substance and spirit, and not merely a denial of its literal truth; and the defendant is held to an admission whenever he fails to make such denial. This was the law of the old equity system of pleading, whose rules were probably the most perfect for the elucidation of truth ever devised; and they are not less the rules of our present system. (Sto. Eq. Pl., sec. 852, *et seq.*)

We think, then, taking the complaint and answer together, that they substantially admit that the bond and mortgage counted on by the complaint were executed by the defendant Vallejo, and that the mortgage was given to secure the debt evidenced by the bond described in the complaint and produced on the trial.

But apart from this, the evidence of identification was sufficient. (See 7 Cowen, *supra.*)

It is true, the answer does deny the delivery of the bond; but its possession by the plaintiff was evidence of delivery. There is nothing in the point, that an admission in an answer cannot be availed of by the plaintiff, without entitling the defendant to the benefit of the whole as proof. An answer is no proof for the defendant, under our statute; but his admission of a fact stated in the bill, is conclusive evidence against him.

2. The next point is, that the decree was against the weight of evidence. The defendant Vallejo, on the calling of the cause, made an affidavit for a continuance. This affidavit stated facts which he expected to prove by one Adler. The plaintiff, to avoid the continuance, admitted that Adler would testify to these facts; and the trial proceeded. This affidavit, therefore, became evidence, but not conclusive proof of its contents. The Court found against the evidence of this witness, for we must regard this affidavit as his deposition. It is not necessary to decide whether this affidavit makes out a defense. The only material question is, whether the Court was bound to believe it. We do not understand that the credulity of a Court must necessarily correspond with the vigor and positiveness with which a witness swears. A Court may reject the most positive testimony, though the witness be not discredited by direct testimony impeaching him or contradicting his statements. The inherent improbability of a statement may deny to it all claims to belief. In this case it was proposed to prove by Adler that Blankman bribed him to cheat Vallejo; that Vallejo owed Blankman nothing; that Adler had been the interpreter and confidential agent of Vallejo; and that he was frightened by Blankman into giving this mortgage, by the threat that Blankman would sue him on account of some supposed indebtedness as guardian to Blankman's wife, and take all his property; and that, in consideration of this, and nothing else, (the witness is supposed to swear) Vallejo did execute this bond and mortgage. Against this solitary affidavit—coming from such a source—and so out of all the usual course and experience of affairs, is the proof of the mortgage and bond; the friendly—indeed, affectionate—letters of Vallejo to Blankman, subsequently written; the long recognition of this as a binding contract; the payment for several years of interest on the mortgage, and the proof too, of some liability, as guardian, by Vallejo to Mrs. Blankman.

It is not necessary for us to pass upon the relative weight of these proofs of plaintiffs and defendants, but we cannot hesitate to say, that in deciding as it did, the Court below did not commit such an error as we can revise.

Decree affirmed.*

---

* This case ought to have been reported in 12 Cal.