[No. 7,124.—Department One.]

# SUSANNAH WORMOUTH *v.* MARY J. JOHNSON.

RESULTING TRUST—CONSTRUCTIVE TRUST—FRAUD.—K. in his life-time purchased of one B. the land in controversy, paying therefor money received from his mother, the defendant, with the understanding that he should purchase the land for her benefit, taking the deed in his own name. Plaintiff, then the wife of K., with full knowledge of the facts, procured V. to make a deed of gift of the premises to her. *Held,* That the plaintiff took the legal title in trust for the defendant.

ID.—ID.—ID.—EVIDENCE.—*Held, further,* That it was not error to admit declarations of K. made after the deed of gift from V. to the plaintiff, that the purchase money of the premises belonged to the defendant, and that the purchase was made with her money and for her benefit, and that the title was held for her use.

ID.—ID.—ID.—STATUTE OF LIMITATIONS.—*Held,* further, that the Statute of Limitations did not apply to the case.

APPEAL from a judgment for the defendant in the Twenty-second District Court, County of Marin, and from an order denying a new trial in the Superior Court of the same county. TEMPLE, J.

*E. B. Mahon,* for Appellant.

The Court erred in admitting in evidence declarations or statements alleged to have been made by James King after he caused the deed of gift to be made by Vierra to plaintiff. (*Spanagel* v. *Dellinger,* 38 Cal. 281; *Phœnix* v. *Assignees of Ingraham,* 5 Johns. 426.) The defendant's cross-action was barred by limitation.

*E. F. Preston,* for Respondent.

Where the conveyance of the legal estate is taken in the name of a third person, and the consideration is paid by

another, a trust results in favor of the person who pays the money. This is a platitude, yet I cite the following authorities: 2 Story's Eq. Jur., 12th ed., § 1201, p. 441; *Osborne* v. *Endicott*, 6 Cal. 149; *Hidden* v. *Jordan*, 21 id. 99; *Bayles* v. *Baxter*, 22 id. 575; *Millard* v. *Hathaway*, 27 id. 120; *Boyd* v. *McLean*, 1 Johns. Ch. 582, 586. The Statue of Limitations never runs against a *cestui que trust* in possession of the trust estate; and in this case the defendant has been in possession continuously since June, 1874. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 89, 123–125; S. C., 11 Am. Dec. 417; 2 Story's Eq. Jur., 12th ed., § 1520, a, p. 760; *Boone* v. *Chiles*, 10 Pet. 225; *Ahl* v. *Johnson*, 20 How. U. S. 520; *Miller* v. *Bear*, 3 Paige, 466.)

MYRICK, J.:

This is an action of ejectment. The answer of defendant, after denying plaintiff's right and title, contains allegations, by way of cross-complaint, that defendant furnished one thousand five hundred dollars of her own money to her son, James King, then husband of plaintiff, for the purpose of purchasing the premises in controversy, with the understanding and agreement that the title was to be taken in his name, but for the use and benefit of the defendant, and in pursuance of such understanding he purchased the land with said money; that said understanding and agreement, and the fact that defendant's money was used to make the purchase, was known to plaintiff; that in taking the deed, instead of having it made to said James King, it was agreed between him, King, and plaintiff, that the title should be conveyed to and held by plaintiff, and the deed was so made, and that plaintiff took the title with full notice of the equities of defendant, and full knowledge of the trust between defendant and said King; that plaintiff paid no consideration for the land, and that plaintiff took the title in trust for the use and benefit of defendant. The plaintiff's answer to the cross-complaint denied these allegations.

Special issues were submitted to a jury, and upon such issues a verdict was returned as follows in substance:

James King in his life-time purchased of one Vierra the land in controversy, paying therefor fifteen hundred dollars,

which was not his property but was the property of his mother, the defendant. The plaintiff, with full knowledge of the facts and of the transaction between King and the defendant, procured Vierra to make a deed of gift of the premises to her (plaintiff), and there was no other consideration than the payment of the money from King to Vierra; the consideration for the transfer of the land by Vierra was paid for by defendant, and King received the money with the agreement or understanding that he would purchase the land for defendant's benefit, and it was a part of the understanding that the conveyance should be made to said James King.

The court below, being advised by the verdict, found the following facts:

That James King in his life-time purchased from A. Vierra the land described, and paid as the purchase money fifteen hundred dollars, the property of defendant, the mother of said King; that plaintiff was at that time the wife of said King, and with full knowledge that the purchase money paid to Vierra was the property of defendant, procured Vierra to execute to her (plaintiff) a deed of said premises, in form a gift, but in fact the true consideration was the fifteen hundred dollars paid by said King to Vierra, as aforesaid; that the consideration of the transfer of the land from Vierra to plaintiff was paid for the use and benefit of defendant; that said King received said sum from defendant with an understanding and agreement that he would purchase the land for the use and benefit of defendant, and that the land should be conveyed to him.

As conclusions of law the Court found that the legal title of the land was vested, as community property, in the plaintiff, as the wife of said King; that the title was taken by plaintiff in trust for the use and benefit of defendant; and that the defendant is entitled to the possession and the beneficial enjoyment of the premises; and judgment was rendered accordingly. From this judgment and from an order denying motion for a new trial, the plaintiff appealed.

1. As to whether the verdict and findings were sustained by the evidence. Not only is the evidence ample to sustain the verdict, but we can say that there is very little in conflict.

2. Appellant assigns as error the ruling of the Court in

admitting in evidence declarations or statements made by James King after he caused the deed of gift to be made by Vierra to plaintiff. These declarations were to the effect that the purchase money of the premises belonged to defendant, and that the purchase was made with her money and for her benefit, and that the title was held for her use. This ruling is not at all within *Spanagel* v. *Dellinger*, 38 Cal. 281.

3. It is urged that defendant's cross-action was barred by the statute of limitations.

The agreement for the purchase of land was made May 12th, 1874, and part of the money paid; the balance was paid and the deed to plaintiff taken July 10th, 1874. The three parties, defendant, plaintiff, and King, resided on the premises together from that time, until in 1876, when plaintiff left; King died in August, 1877, and defendant has been in the sole occupation of the premises since that time. The action was commenced July 1st, 1878, after plaintiff's second marriage. The statute of limitations does not apply to this case. (*Love* v. *Watkins*, 40 Cal. 547; *Gerdes* v. *Moody*, 41 id. 335.)

Judgment and order affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.