[Department Two. — October 24, 1883.]

F. H. ROSS, Appellant, v. JAMES BRUSIE, Respondent.

Evidence — Admissions. — Upon the trial of an issue to determine whether a deed absolute upon its face was intended as a mortgage, the declarations of a party to the deed and to the suit, made after the execution of the deed, are competent as evidence against himself.

Appeal from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

Bill to redeem. It was claimed by the plaintiff that a con-

veyance of land made by deed absolute upon its face was intended as a mortgage. This was denied by the defendant. At the trial the defendant asked the plaintiff, who was a witness, the question recited in the opinion. The conversations sought to be proved were of a date subsequent to the execution of the deed. The court sustained an objection to the question upon the ground that conversations subsequent to the execution of the deed were irrelevant.

*Scaniker & Branch*, and *Scrivner & McKinne*, for Appellant.

*W. E. Turner*, for Respondent.

PER CURIAM. — We are of opinion that the court erred in sustaining the objection on the ground of incompetency to the following question put to the plaintiff while testifying: "Did you at any time within three years have any conversation with the defendant relative to the execution of this deed and bond?"

Judgment and order reversed and cause remanded.

Hearing in Bank denied.