[Sac. No. 977.   Department Two.—May 28, 1902.]

J. D. HARP, Respondent, v. T. J. HARP, Administrator etc., Appellant.

DEED INTENDED AS MORTGAGE—ACTION TO REDEEM—EVIDENCE—DECLARA-TIONS OF DECEASED GRANTEE—SUPPORT OF FINDINGS.—In an action to have a deed declared to be a mortgage, and for a reconveyance on payment of the debt to the administrator of the deceased grantee, evidence of the declarations of the decedent against his interest made prior and subsequent to the conveyance, to the effect that the deed was not intended as an absolute conveyance, but was intended to secure the indebtedness of the plaintiff to the grantee, is admissible and sufficient to support findings to that effect.

ID.—TESTIMONY OF MEMBERS OF FAMILY AGAINST INTEREST—RULE AS TO DECLARATIONS OF DECEASED PERSON.—The testimony of members of the family, who have an interest as heirs in favor of the absolute title to the deed, to the declarations of the deceased father of the plaintiff, that the deed to his father was intended as a mortgage,

considered in connection with the circumstances under which the declarations were made, tends to make less rigid the application of the general rule that uncorroborated declarations of a deceased person are to be received with caution, and considered as weak and of dubious force.

ID.—EFFECT OF DECLARATIONS AS EVIDENCE.—Where the declarations of a deceased person are admissible at all, they become evidence in the case, and should not be rejected in reaching a verdict or judgment.

ID.—TESTIMONY OF PLAINTIFF—OBJECTION—ESTOPPEL.—Where the testimony of the plaintiff as to the agreement between him and his deceased father was excluded on the objection of the defendant, the defendant cannot be heard to claim upon appeal that the judgment should be reversed for want of such testimony.

ID.—EXCLUSION OF TESTIMONY—PREVIOUS TESTIMONY NOT STRICKEN OUT.—The exclusion of evidence offered by the defendant to prove that the deceased told him to sell the property in controversy is harmless, where testimony to that effect had already been given, and was not stricken out.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. William O. Minor, Judge.

The facts are stated in the opinion.

L. J. Maddux, for Appellant.

W. H. Hatton, for Respondent.

CHIPMAN, C.—Action to have a deed declared to be a mortgage, and that defendant reconvey on full payment of the debt and cost of conveyance. Certain special questions were submitted to a jury and were answered favorably to plaintiff, and upon the verdict and findings of the court plaintiff had judgment, from which and from the order denying his motion for a new trial defendant appeals.

Defendant is administrator of the estate of J. D. Harp, deceased, who in his lifetime was plaintiff's father. It appears that having reached the age of seventy years, and wishing to free himself from the care of managing all his property, deceased deeded most of his land in separate parcels to his six children, reserving a portion for his wife at his death. This was about October, 1894. Plaintiff subsequently became indebted to his father in the sum of fifteen hundred dollars,

and on October 19, 1896, conveyed his share of the land to his father, who died May 22, 1900. The jury found that the said deed was made under an agreement between the parties that it should be held as security for the payment of what plaintiff owed his father at the time, and that his father agreed to reconvey the land to plaintiff on payment to him of fifteen hundred dollars; that the deed was not an absolute conveyance; and that it was not the intention of the parties that the indebtedness of plaintiff to his father should be satisfied by the deed. The court adopted the findings of the jury and made full findings of fact on all the issues in favor of plaintiff. The evidence as to the transaction was oral and consisted entirely of declarations of the deceased made shortly before plaintiff conveyed the land to his father and declarations made at different times after the deed was delivered prior to his death. These declarations were made to his children and to other relatives.

1. Appellant contends that where there is no direct proof of the terms of the agreement, and the case rests entirely on declarations of one of the parties, testified to after his death, a court is not warranted in setting aside a deed absolute on its face. It is true that uncorroborated declarations, brought out after the death of the party making them, should be received with caution, and are under some circumstances, if not under all, weak and of dubious force; still, where admissible at all, they become evidence in the case, and we cannot say they should be entirely ignored or rejected in reaching a verdict or judgment. In this case the fact that the declarations were sworn to by members of the family, whose interest, apparently, was in keeping the land in the estate as an asset in which they would share, together with the circumstances under which the witnesses testified that the declarations were made, tend very much to soften the rule, or at least to make its application less rigid. The evidence is sufficient to support the findings.

2. But it is claimed by appellant that the declarations were inadmissible and he objected to their introduction at the trial. Appellant also emphasizes the fact that plaintiff testified in his own behalf, and did not testify as to the agreement, either as to its terms or as to the circumstances under which it was made.

As to this latter point, to which much attention is devoted, the record shows that when plaintiff was on the witness-stand his counsel read to him a question intended to draw out the facts as to the agreement, but cautioned the witness not to answer until defendant's counsel had an opportunity to object, which he promptly did, on the ground that it was immaterial and incompetent. Counsel for plaintiff stated, if objected to, he would not insist on it, as he thought the witness could not testify as to what occurred between him and his father prior to the latter's death. Defendant's counsel did not withdraw the objection, but seemed to concur in this view of the law. Whether the testimony was admissible under section 1880 of the Code of Civil Procedure need not be decided. Suffice it to say that defendant's counsel cannot now be heard to claim that the judgment should be reversed because plaintiff failed to testify as to the facts and circumstances of the agreement.

3. Appellant contends that the proof must not only be clear and indisputable, but "the transaction must be governed by the minds of the parties at that time and not afterwards," and that a deed absolute in form cannot be changed into a mortgage by subsequent oral declarations (citing *Mahoney* v. *Bostwick,* 96 Cal. 53;[1] *Sherman* v. *Sandell,* 106 Cal. 373; *Sheehan* v. *Sullivan,* 126 Cal. 189). This may be conceded. But the declarations here related to the state of mind of the parties when the deed was made; the subsequent declarations were not to show a subsequent intent, but the intent when the deed was made. It is not the case of attempting to change what was at first intended to be a deed absolute into a mortgage by subsequent oral declarations. That the declarations could be proved by the witnesses who testified to them we think is beyond question. The declarations were against interest and admissible. (Code Civ. Proc., sec. 1853; *Ross* v. *Brusie,* 64 Cal. 245; *Wormouth* v. *Johnson,* 58 Cal. 621.)

4. Defendant was a witness in his own behalf, and was asked if his father, deceased, "ever put that land up for sale." The witness answered, "Yes, sir; he told me to sell it." There was an objection made to the question after the answer had been given, and upon some discussion the question was again

---

[1] 31 Am. St. Rep. 175.

put and the objection was sustained. The first question and answer were not stricken out, and the defendant had the benefit of the testimony. We cannot say but that the court excluded the question because it was a repetition of the one answered.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J.

TEMPLE, J., concurring.—I concur in the judgment. It is objected that there was no proof of the terms of the parol contract by which the deed absolute on its face is converted into a mortgage. But admissions against interest made by the deceased, if satisfactorily proved and sufficiently definite and clear as to its terms, would suffice. Admissions were proven, which, with proof of the amount of the indebtedness, show well enough the terms of the contract. I do not agree that because the plaintiff offered to prove such fact by incompetent evidence—his own testimony—and defendant objected to that testimony, he is estopped from making the point. The objection was, that there was no proof of an essential fact. The plaintiff offered incompetent evidence of such fact. Defendant had a right to object to such evidence.

As to the fourth point discussed, I do not agree that the jury may be presumed to have considered the answer of the witness to a question to which an objection was subsequently sustained. The jury ought to have considered, and I presume did consider, the evidence withdrawn by the ruling. But no harm could have resulted, and I think the objection was properly sustained.