[Civ. No. 3071. First Appellate District, Division One.—October 25, 1919.]

HARRIETT WHITE WEBSTER, Appellant, v. DANIEL WEBSTER, Respondent.

[1] DIVORCE—GRANTING OF ALIMONY, COUNSEL FEES, AND COSTS—DISCRETION OF TRIAL COURT.—The granting of alimony, counsel fees, and costs in actions for divorce is a matter which lies largely in the discretion of the trial court, and it must be made to clearly and affirmatively appear upon the face of the entire record in the case that this discretion has been abused before the appellate tribunal will be moved to interfere.

[2] ID.—DENIAL OF ALIMONY—APPEAL—ABUSE OF DISCRETION.—Upon this appeal from the portion of a judgment of divorce, on the grounds of extreme cruelty and failure to provide, refusing to allow the plaintiff alimony, the appeal having been taken on the judgment-roll alone, the appellate court could not say from the record before it that the trial court abused its discretion.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. B. Churchill and Ogden & Ogden for Appellant.

C. M. Crawford for Respondent.

RICHARDS, J.—This is an appeal by the plaintiff in an action for divorce wherein she was granted a divorce from the defendant on the ground of cruelty and failure to provide, but was denied alimony. The appeal is upon the judgment-roll, and the sole contention of the appellant is that the findings of the trial court do not support that

portion of the judgment which refuses to allow the plaintiff alimony.

The findings are to the effect that the defendant was guilty of the specific acts of cruelty set forth in the complaint as a ground of divorce, and also that the defendant, while able so to do, has been guilty of failure to provide; that the plaintiff is without means of self-support; that the defendant is the owner of certain separate real property of the value of four thousand dollars, upon which there is an indebtedness of one thousand eight hundred dollars, secured by a trust deed; that the defendant has also certain miscellaneous separate personal property in the way of farm produce, implements, and animals of the value of about six hundred dollars, and is indebted in store accounts to the extent of about one thousand five hundred dollars; that the plaintiff has no interest in any part of said property; that during the trial of the action the defendant paid to the plaintiff on motions for alimony the sum of $150; that the plaintiff has no means whatever and is physically unable to earn her own livelihood and maintenance, and has incurred obligations during the trial of the action for board and for counsel fees and costs which she is unable to pay. Notwithstanding these findings of fact the court refused to allow the plaintiff either permanent alimony or counsel fees or costs, and it is the appellant's contention herein that it was an abuse of discretion on the part of the trial court to so refuse the plaintiff this relief while granting her a divorce on the grounds of the defendant's cruelty and failure to provide.

This appeal is before us on the judgment-roll alone, and it is so by the plaintiff's choice. The evidence educed before the trial court is not before us, and it has been omitted from this record also by the plaintiff's choice. The defendant had no selection nor any way of adding to this record the evidence in the case, even had he desired so to do. We are therefore left entirely in the dark as to the causes as they might have been disclosed by the evidence which moved the trial court to refuse to allow the plaintiff either alimony, counsel fees, or costs while granting her prayer for divorce.

[1] The granting of these incidental forms of relief in actions for divorce is a matter which lies largely in the

discretion of the trial court, and it must be made to clearly and affirmatively appear upon the face of the entire record in the case that this discretion has been abused before the appellate tribunal will be moved to interfere. [2] Such a record is not before us, but from the admissions in the pleadings and the findings in the case certain facts appear which may serve to indicate that a state of things might have been shown in the evidence which must have justified the trial court in severing the marriage relation between the parties hereto without further relief to either. The parties were married in the month of July, 1914; this action for divorce was commenced on August 10, 1917. Both of the parties had been married before and both had children by such prior marriages. The family troubles of the pair began shortly after their union, and were apparently stormy during the brief period of its continuance. Much of these troubles grew out of the bringing together of these two sets of children in the same household, if we are to accept the plaintiff's own recital of the causes of these family discords.

These fleeting glimpses of the case may well serve to indicate a state of the evidence on its trial which would have fully justified the action of the trial court in refusing to the plaintiff any further relief than that of the temporary alimony awarded her and the bare decree of divorce. This being so, we are constrained to hold that a sufficient showing of abuse of discretion in this regard has not been made by this appeal upon the judgment-roll alone.

Judgment affirmed.

Kerrigan, J., and Beasly, P. J., *pro tem.,* concurred.