[L. A. No. 8176. In Bank.—March 6, 1928.]

FLORA M. CALDWELL, Appellant, v. HARRY E. WEINER, as Executor, etc., Respondent.

N. B. Nelson for Appellant.

Redwine & Redwine and H. G. Redwine for Respondent.

LANGDON, J.—Plaintiff appeals from a judgment for defendant in a suit brought on a rejected claim filed against the estate of the deceased, Henry C. Weiner.

The complaint alleges: "That on or about the month of November, 1919, at Los Angeles, California, the plaintiff herein and Henry C. Weiner, now deceased, entered into an agreement whereby this plaintiff was to furnish said decedent, Henry C. Weiner, with a home during his lifetime, including room, such meals as he should desire or request, to care and nurse him when he was ill or indisposed, and to take him into her home and treat him as one of her family, and as compensation therefor said decedent, Henry C. Weiner, promised and agreed to pay this plaintiff the sum of $25.00 per month, for his room rent, and in addition thereto, promised and agreed to pay this plaintiff the amount of a mortgage then upon her home, namely, a mortgage in the sum of $6,000, as soon as he should sell a certain piece and parcel of land then owned by him and which was located near the City of Long Beach, County of Los Angeles, State of California; that immediately upon the making

of said agreement, the said decedent, Henry C. Weiner, came to plaintiff's home to live and make his home, and that he resided with plaintiff and her family continuously up to the time of his death, excepting therefrom short periods of time when he made occasional visits out of the city of Los Angeles; that during all of the said time that said decedent lived with plaintiff and her family, this plaintiff and her family provided a home for said decedent, and treated him in all respects as one of her family, furnished him with room, such meals as he requested or desired, did some of his laundry, nursed and cared for him while he was ill or indisposed, and in all things looked after his welfare and comfort at all times, to the best of her ability; that this plaintiff has fully performed all of the conditions of said contract on her part to be performed. That on or about the month of March, 1922, said decedent, Henry C. Weiner, sold the said parcel of land owned by him in or near the city of Long Beach; that said sum of $6,000, nor any part thereof, has not been paid.''

The answer denies the foregoing alleged agreement, except it is alleged by defendant that ''Henry C. Weiner did promise and agree to pay plaintiff the sum of $25 per month and no other sum or amount, for the rent of a room in plaintiff's residence, and for no other purpose.''

The court found the following facts: ''That it is not true that on or about the month of November, 1919, or at any other time, at Los Angeles, California, or elsewhere, the plaintiff and Henry C. Weiner, now deceased, entered into an agreement whereby the plaintiff was to furnish said Henry C. Weiner with a home during his lifetime, including room, such meals as he should desire or request, to care for and nurse him when he was ill or indisposed, and to take him into her home and treat him as one of the plaintiff's family; and that it is not true that said Henry C. Weiner promised and agreed to pay the plaintiff the amount of a mortgage then upon her home in the sum of $6,000, or any other sum, as soon as he should sell a certain parcel of land owned by him and which was located near the city of Long Beach, California, or at any other time; that it is not true that said Henry C. Weiner ever at any time promised and agreed to pay plaintiff the said sum of $6,000, or any

other sum, at any time or in any manner, except the sum of $25.00 a month for his room rent, and that the only promise which said deceased made to pay plaintiff any sum of money was to pay her the sum of $25.00 per month for his room rent, and this sum was paid by him to plaintiff, and that all the averments and allegations of paragraph number one of the complaint herein are untrue; that all the allegations and denials of the answer herein are true and all the allegations of the complaint herein are untrue.''

The appeal is based upon an argument that the evidence is insufficient to justify the decision of the court. It is contended that the defendant did not submit any direct evidence to justify the findings made; but in this contention appellant overlooks the fact that the plaintiff has the burden of proof in the trial court and the burden of showing error upon appeal. The testimony as to the making of the alleged contract is very unsatisfactory and largely inferential, the strongest testimony being given by plaintiff's daughter. While, as is argued by appellant, the testimony is not inherently improbable, it is greatly weakened by the circumstance that plaintiff did not seek to enforce her claim for the nine months after the sale of the property out of which she alleges her mortgage was to be paid, during which decedent was alive, and that decedent left her home and traveled across the continent and remained there for several months before his death without an adjustment of this matter. It would seem that this case, with all the circumstances appearing in the record, comes within the rule of *Blanc* v. *Connor*, 167 Cal. 719 [141 Pac. 217], and *Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147], to the effect that while it is a general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions, and the most positive testimony may be contradicted by the circumstances in evidence in connection with the matter which satisfy the court of its falsity and the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact.

The instant case presents the type of alleged contract which in many jurisdictions is scrutinized by the courts with great care, and is only sustained upon the most satisfactory proof. (*Owen* v. *McNally*, 113 Cal. 446 [33 L. R. A. 369, 45 Pac. 710].) The record before us presents abundant justification for the findings made by the trial court, and as there is no other error assigned by appellant the judgment appealed from is affirmed.

Curtis, J., Preston, J., Richards, J., Shenk, J., Seawell, J., and Waste C. J., concurred.