[Civ. No. 219. Fourth Appellate District.—June 5, 1930.]

PAUL WORTHINGTON, Executor, etc., Respondent, v. PEOPLES STATE BANK OF CHULA VISTA (a Corporation), Appellant.

Ward, Ward & Ward for Appellant.

Stickney & Stickney for Respondent.

CARY, P. J.—Defendant appeals from a judgment rendered against it.

Mrs. Fanny Worthington, having ample funds on deposit to cover same, drew a check on defendant in favor of Stephens & Company, a corporation, in the sum of $2,465.63 and mailed it to the payee. Before the check had been paid Mrs. Worthington telephoned defendant a stop-payment order. In the meantime the check, bearing a stamped indorsement, "Pay to the order of Southern Trust & Commerce Bank, San Diego, Cal. Stephens *and* Company," had been deposited with the Southern Trust & Commerce Bank for collection. It seems there were two companies incorporated

under the laws of California, one being called Stephens & Company and the other Stephens *and* Company. What, if any, connection there was between the two does not appear. This check, after passing through the clearing-house, in due course was paid by defendant. Some months later, Mrs. Worthington filed this action against the defendant, alleging in the first count that the bank had received from her $2,465.63, subject to her order, that she had demanded of the bank that they pay her that sum, but that they had refused so to do; in the second count, that she had on deposit said sum, that she had issued her check in favor of Stephens & Company for said sum, that before presentation for payment she notified the bank not to pay same but that, contrary to her orders, it had done so; and in the third count, that the defendant had not paid said check to the payee named therein, but had in fact paid same to someone other than the payee and charged her account therewith. Prior to trial Mrs. Worthington died and her executor was substituted. The court gave judgment for plaintiff based upon findings which in general followed the language of the complaint.

 Defendant contends that the first count does not state a cause of action, that a general finding that the allegations thereof are true is insufficient for the same reason, and that the court has failed to find on defendant's affirmative defense that after giving the stop-payment order Mrs. Worthington later directed the bank to pay the check. However, the sufficiency of the second and third counts is not challenged, and as the court found in accordance with the allegations therein contained, that fact is sufficient to support the judgment. Furthermore, in finding on these two counts, the court specifically found that Mrs. Worthington had not countermanded her stop order.

Defendant further contends that the evidence is insufficient to support the finding that the stop-payment order was not revoked. Counsel for plaintiff called defendant's cashier as a witness, but failed to state that he was called under Code of Civil Procedure, section 2055. Under examination by plaintiff's counsel the cashier testified that after giving the stop-payment order Mrs. Worthington countermanded it. Defendant argues that the cashier thus became plaintiff's own witness, and since this witness testified to the

countermanding of the stop order, and there was no testimony to the contrary upon that point, that plaintiff is bound by the testimony.

██ Did plaintiff, by failing to announce that the witness was called under section 2055, waive the benefits conferred by that section? That the deposition of an adverse party may be read in evidence and the party using same not be bound by such testimony, even though he fails to announce that it is being offered under section 2055, has been held in *Weir* v. *New York Life Ins. Co.*, 91 Cal. App. 222, at 230, 231 [266 Pac. 996]. We can perceive no ·reason why the same rule should not apply where the witness is actually present in court. It may be added in passing that nowhere in that section is there any requirement that the person calling such adverse witness must announce that he is called under the provisions of that section.

The effect of the rule that a party is bound by the testimony of his own witness seems to be the subject of considerable misunderstanding. As a matter of fact, its only practical effect is to˙ confine within certain narrow limits the method by which the party calling the witness may impeach him. (Code Civ. Proc., sec. 2049.) As said in *Bellus* v. *Peters*, 165 Cal. 112, at 119 [130 Pac. 1186, 1189]: ''The rule invoked that plaintiff was bound by the statements of Willits, because he was a witness on behalf of plaintiff, does not go to the extent of requiring the court to believe and accept as true the statements of such witness.''

██ The testimony of the cashier was vague and uncertain in many particulars. He could not state definitely whether certain writings were in his handwriting, and his memory was poor. In regard to some of the most important matters in the controversy he testified that Mrs. Worthington had given him certain directions over the telephone. Mrs. Worthington's son, who had lived with her all of his life, testified that for the fifteen years preceding her death she had never used the telephone at all, due to her defective hearing.

Even though the testimony of the cashier as to the countermanding of the stop-payment order is without direct contradiction in the record, the credibility of the witness is still a matter for the trial court to pass upon, and it was not bound to accept his statement as a fact. (*Blankman* v.

*Vallejo,* 15 Cal. 638, at 645; *Pacific Coast Dried Fruit Co.* v. *Sheriffs,* 31 Cal. App. 131, at 137 [159 Pac. 986]; *County of Sonoma* v. *Stofen,* 125 Cal. 32, at 35 [57 Pac. 681]; *People* v. *Knutte,* 111 Cal. 453, at 455, 456 [44 Pac. 166].)

The court having found that the stop-payment order was never countermanded, a consideration of the other points raised by appellant is unnecessary.

The judgment is affirmed.

Marks, J., and Barnard, J., concurred.