[Civ. No. 7674. First Appellate District, Division One.—March 11, 1931.]

IDA LOUISE YOUNGER, Respondent, v. WILLIAM RAY-MOND YOUNGER, Appellant.

I. Henry Harris for Appellant.

Randall & Bartlett for Respondent.

GRAY, J., *pro tem.*—Appeals by the husband in an action of divorce for desertion, from that part of the interlocutory decree awarding the wife the sum of $35 a week as permanent alimony and $100 as attorney's fees, and also from an order granting her, during the pendency of the first appeal, the sum of $25 a week alimony and additional attorney's fee for such appeal.

As to the appeal from the order, the bill of exceptions merely sets forth the wife's affidavit, the order to show cause and the order of the court. The order recites that, on the hearing, testimony both oral and documentary was introduced and considered, but none of such testimony is presented in the bill of exceptions. In the absence of an affirmative showing of an abuse of discretion, the order of the trial court cannot be disturbed. (*Webster* v. *Webster*, 43 Cal. App. 772 [185 Pac. 863]; *Duffey* v. *Duffey*, 79 Cal. App. 734 [251 Pac. 218].) Since the opening brief (the only one on behalf of the appellant) merely recites that he appealed from the order, without any attempt to point out error, the appeal from the order will be regarded as abandoned. (2 Cal. Jur. 727.) Likewise, no error is pointed out with reference to the first allowance of attorney's fees and this matter will not be reviewed.

Medical bills incurred by the wife prior to the trial, but then due and unpaid, were properly admitted as a circumstance, which section 139 of the Civil Code required the court to consider. (*Lamborn* v. *Lamborn*, 80 Cal. App. 494 [251 Pac. 943].) They had a bearing upon financial ability, necessities and health of the respondent.

Evidence of the wife's support of an adult daughter who was sick and unable to work was properly admitted. (*Anderson* v. *Anderson*, 124 Cal. 48 [71 Am. St. Rep. 217, 56 Pac. 630, 57 Pac. 81].) Appellant cannot complain of the meager description of the daughter's condition, because a fuller description was prevented by the sustaining of his

objections to respondent's questions. (*Harp* v. *Harp,* 136 Cal. 421 [69 Pac. 28].)

The husband—the only witness as to his financial ability and necessities—testified that he was a partner in a plumbing business, whose assets were $3,000, accounts receivable, $13,000, loss, preceding year, $7,700 and bank debt $5,000. He further testified he draws as wages $60 a week and expends weekly the following sums: Treating customers, $5 to $10; room, $10; board, $15 to $20; automobile, $10; clothes, $5; laundry, $5 to $10; doctor, $5; and pocket money, $10. Respondent argues that, since his testimony shows that his net salary (after deducting cost of treating customers and of automobile, both necessary to the business) is $40 a week, the court, in allowing his wife $35 a week alimony, must have erroneously rejected his uncontradicted and unimpeached testimony. "Undoubtedly, as a general rule, positive testimony as to a particular fact, uncontradicted by anyone, should control the decision of the court; but that rule admits of many exceptions. There may be such an inherent improbability in the statements of a witness as to induce the court or the jury to disregard his evidence, even in the absence of any direct conflicting testimony. He may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story. His manner, too, of testifying may give rise to doubts of his sincerity, and create the impression that he is giving a wrong coloring to material facts. All these things may properly be considered in determining the weight which should be given to his statements, although there be no adverse testimony adduced." (*Quock Ting* v. *United States,* 140 U. S. 417, 420 [35 L. Ed. 501, 11 Sup. Ct. Rep. 733, 734, 851, see, also, Rose's U. S. Notes].) The addition of the items of expense show that their total exceed his wages by from $5 to $20 a week. He further testified that he had paid his wife $25 weekly as temporary alimony (presumably for over one and a half years before trial) and had paid $800 for her doctor's bill and $325 for his doctor's bill. The query naturally arises, if he could pay in the past $25 weekly, in addition to the doctor's bills, might he not be able to pay $35 in the future. He attempted to meet this

by testifying that these payments were met by overdrawing his account with the firm in the sum of $1800, but it is hard to see how this overdraft could be allowed by a firm of such small assets, heavy losses and debts. The court, also, was entitled in weighing his testimony to consider its contradictions by the admissions of his answer. (*Bellus* v. *Peters,* 165 Cal. 112 [130 Pac. 1186].) His denial, in his answer, of plaintiff's allegations that the community property consisted of an undivided one-half interest in the copartnership of the approximate value of $25,000 merely denied such interest was community property and did not deny its value. (*Wolff* v. *Wolff,* 102 Cal. 433 [36 Pac. 767, 1037].) Likewise, in answer to the allegation that he "is capable and does earn the sum of $400 per month", he merely "denies that he is able to earn $400 per month". Such denial is an admission that he does earn $400 per month.

Appellant having failed to show any error, the interlocutory decree and order are affirmed.

Tyler, P. J., and Cashin, J., concurred.