[Civ. No. 9605.   First Appellate District, Division Two.—March 28, 1935.]

MEDA BERG, Administratrix, etc., Appellant, v. JOURNEYMEN'S PLUMBERS & GAS FITTERS UNION et al., Respondents.

Joseph E. Isaacs and Alan H. Critcher for Appellant.

Laurenz J. Krueger and Alvin P. Jacobs for Respondents.

SPENCE, J.—In the above-entitled action, a judgment was entered in favor of defendants on August 15, 1933. In April, 1934, plaintiff made a motion "for an order directing the clerk of the court to receive and file a copy of the notice of appeal herein and to mark the same as having been filed on or about the 4th day of November, 1933". The trial court made its order denying said motion and plaintiff appeals from said order.

Appellant contends that the affidavits offered in support of said motion were uncontradicted and that the trial court therefore erred in denying said motion. We find no error in the trial court's ruling. ■ The affidavits presented, although uncontradicted, were most unsatisfactory in character and the trial court could properly consider the character of the evidence presented therein when ruling upon the motion. (Code Civ. Proc., sec. 1847.) ■ Two affidavits were presented. The affidavit of counsel merely stated that "to the best of affiant's recollection, knowledge and belief, affiant filed said notice of appeal in the office of the clerk of the above entitled court on or about the said 4th day of November, 1933". It will thus be seen that said affidavit was not positive in its terms as to either the fact or time of filing. It further appeared from said affidavit that affiant could find no office copy of said notice of appeal; that affiant had "no present recollection as to the name of the deputy clerk with whom affiant filed said notice of appeal"; and that "no notice of appeal was on file in said papers or entered on said register of actions". The affidavit of the stenographer for counsel merely stated that she had been instructed to prepare a notice of appeal and "that affiant remembers preparing said notice of appeal and remembers transcribing the same". She also alleged her

inability to find "the office copy" after diligent search. There was no statement in said affidavit as to when she prepared said notice or what disposition she made thereof.

Appellant's contention that the trial court was bound, in the absence of counter-affidavits, to find that the notice of appeal had been filed, cannot be sustained. There was no positive statement in said affidavits to show that said notice of appeal had ever been filed. On the contrary said affidavits were vague, indefinite and uncertain in several respects, and many of the circumstances set forth therein including the failure to find an office copy, the inability to state the date of filing or the person with whom filed, and the fact that there was no record of filing in the clerk's office, all tended to cast doubt upon appellant's claims.

█ The general rule that uncontradicted testimony cannot be disregarded by the trial court is subject to many qualifications and exceptions. The rule has no application unless the testimony is sufficiently positive in its character to be satisfactory from that standpoint, and even though the evidence is both positive and uncontradicted, it may be disregarded under certain circumstances. (*Staples* v. *Hawthorne*, 208 Cal. 578 [283 Pac. 67]; *Caldwell* v. *Weiner*, 203 Cal. 543 [264 Pac. 1100]; *Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480]; *Blanc* v. *Connor*, 167 Cal. 719 [141 Pac. 217]; *Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147]; *Estate of Tompkins*, 123 Cal. App. 670 [11 Pac (2d) 886]; *Younger* v. *Younger*, 112 Cal. App. 445 [296 Pac. 1104]; *Cowan* v. *Hill*, 109 Cal. App. 656 [293 Pac. 871]; *Worthington* v. *Peoples State Bank*, 106 Cal. App. 238 [288 Pac. 1086].) As was said in *Hufstetler* v. *Department of Industrial Relations*, 107 Cal. App. 741, at page 746 [290 Pac. 922], quoting from 10 California Jurisprudence, page 1145: "As it is within the province of the trial court to determine what credit and weight shall be given to the testimony, the appellate court cannot control a finding or conclusion denying credence, unless it appears that there are no matters or circumstances which at all impair the accuracy of the testimony." We conclude that upon the unsatisfactory showing made, the trial court was fully justified in determining that no notice of appeal had been filed.

█ Furthermore, an affirmance of the order is required upon an entirely different ground. It will be noted that

the judgment was entered on August 15, 1933, and that appellant sought by said motion to obtain "an order directing the clerk to receive and file a copy of the notice of appeal and to mark the same as having been filed on or about the 4th day of November 1933". The affidavits were equally indefinite as to the exact date of filing. Even if the trial court had given full credence to the affidavits, the order denying said motion was proper for there was no showing that the notice of appeal had been filed within the time prescribed by law. (Code Civ. Proc., sec. 939.)

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.