[L. A. No. 1251. Department Two.—August 22, 1904.]

## ESCONDIDO OIL AND DEVELOPMENT COMPANY, Appellant, v. C. H. GLASER,· Respondent.

ACTION BY CORPORATION—LEASE OF OIL-LANDS BY TREASURER—SUB-LEASE—REAL PARTY IN INTEREST—PAROL EVIDENCE.—Where a corporation, by its treasurer, acting as its agent, took a lease of oil-lands in the name of its treasurer, who described himself as treasurer of the corporation, and by its treasurer, in the same manner, made a sub-lease of a part interest to the defendant, who agreed to comply with the conditions of the original lease in drilling for oil, and broke his contract, an action for damages for such breach may be brought by the corporation as the real party in interest in both contracts, and parol evidence is admissible to show that the defendant knew that he was dealing with the plaintiff through its treasurer as its agent.

ID.—SUFFICIENCY OF COMPLAINT—EXHIBITS.—A complaint by the corporation averring that the lease to it set forth as an exhibit was taken by its treasurer for and on behalf of the plaintiff, which was the real party in interest, and that this fact was well known to the lessor when the lease was executed, and also averring that at the time of the sub-lease by its treasurer to the defendant, also set forth as an exhibit, defendant well knew that plaintiff was the party in interest, and that the same was executed by its treasurer as such, and setting forth the breach of its covenants by the defendant and the resulting damages, both liquidated and actual, in separate counts, states a cause of action.

ID.—SURPLUSAGE—ASSIGNMENTS BY TREASURER—RATIFICATION OF SUB-LEASE.—Averments in the complaint that the lease and sub-lease were assigned by the treasurer to the corporation, and that at the time of the sub-lease the defendant knew that the lease had been' so assigned, are matter of surplusage and immaterial. A statement in the sub-lease that it had been ratified by two thirds of its stockholders is also surplusage and immaterial, and the statement in the pleading that the corporation made contracts not on their face *ultra vires* is a sufficient averment of such fact.

ID.—COUNTS FOR LIQUIDATED AND ACTUAL DAMAGES—GENERAL DEMURRER.—Where the complaint contained two counts, one for liquidated damages, in the sum of five hundred dollars, fixed by the contract, and the other for actual damages resulting from the breach of the contract, in a larger sum, the sufficiency of the contract to sustain liquidated damages is not reached by a general demurrer to the complaint, in absence of any special demurrer to the first count on that ground.

ID.—CONTRACT TO DRILL OIL-WELLS—PRESERVATION OF FUTURE INTERESTS—LIQUIDATED DAMAGES.—A contract by a sub-lessee to drill

oil-wells and develop and extract petroleum within a specified time, and to comply with all the terms and conditions of an original lease to the sub-lessor, in order to preserve future interests of the sub-lessor in oil-lands, under the terms of the original lease, which may be lost by breach of the contract, is such that, in the nature of the case, it would be impracticable or extremely difficult to fix the actual damages, and liquidated damages for such breach may be properly provided for therein.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, for Appellant.

The complaint states a cause of action for liquidated damages. (Civ. Code, sec. 1671; *Baldwin* v. *Bennett*, 4 Cal. 392; *California Steam Nav. Co.* v. *Wright*, 6 Cal. 258; *Coffer* v. *Meiggs*, 9 Cal. 363; *McCauley* v. *Brooks*, 16 Cal. 39; *Lightner* v. *Wenzel*, 35 Cal. 452; *Webb* v. *Trescony*, 76 Cal. 621; *Sanford* v. *East River Irr. Dist.*, 101 Cal. 275; *Potter* v. *Ahrens*, 110 Cal. 674; *Shoemaker* v. *Acker*, 116 Cal. 244; *Jaquith* v. *Hudson*, 5 Mich. 139; *Ward* v. *Hudson River Br. Co.*, 125 N. Y. 230; *Cotheal* v. *Talmage*, 9 N. Y. 551;[1] *Bagley* v. *Paddie*. 16 N. Y. 469;[2] *Little* v. *Banks*, 85 N. Y. 256.) The contract being one which in the nature of the case allows of stipulated damages, actual damages need not be proved. (*Franz* v. *Bieler*, 126 Cal. 176; *Gibson* v. *Oliver*, 158 Pa. St. 277; *Kelso* v. *Reed*, 145 Pa. St. 606;[3] *Sanford* v. *First Nat. Bank*, 94 Iowa, 680; *Spicer* v. *Hoop*, 51 Ind. 365; *Stanley* v. *Montgomery*, 102 Ind. 102; *Pierce* v. *Jung*, 10 Wis. 30; *Smith* v. *Newell*, 37 Fla. 147.) The averment that the plaintiff was the real party in interest in both contracts is admitted by the demurrer. That averment may be proved by parol evidence. (*Southern Pacific Co.* v. *Von Schmidt Dredge Co.*, 118 Cal. 368; *Smith* v. *Alexander*, 31 Mo. 193.)

Collier & Smith, for Respondent.

The complaint does not show a case for liquidated damages. (Civ. Code, secs. 1670, 1671; *Pacific Factor Co.* v. *Adler*, 90 Cal. 110;[4] *Patent Brick Co.* v. *Moore*, 75 Cal. 205; *Eva*

---

[1] 61 Am. Dec. 716.    [3] 27 Am. St. Rep. 716.

[2] 69 Am. Dec. 713.    [4] 25 Am. St. Rep. 102.

v. *McMahon,* 77 Cal. 467; *Wilmington Tr. Co.* v. *O'Neil,* 98
Cal. 1.) The corporation had no power under its charter to
purchase choses in action, and the assignment to it by Bal-
dridge was *ultra vires* and void. (*Salmon River Mining etc.
Co.* v. *Dunn,* 2 Idaho, 30.) There is no averment that the
contract was authorized by the board of directors, and the
ratification by the stockholders was void, and the contract
was void as a corporate act. (Civ. Code, sec. 305; *Alta S. M.
Co.* v. *Alta Placer Mining Co.,* 78 Cal. 629; *Salfield* v. *Sutter
County etc. Co.,* 94 Cal. 549; *Smith* v. *Dorn,* 96 Cal. 73;
*Blood* v. *La Sereno etc. Co.,* 113 Cal. 226; *Barney* v. *Pforr,*
117 Cal. 58; *Farmers' etc. Co.* v. *San Diego etc. Co.,* 45 Fed.
527; *Kansas City etc. Co.* v. *Devol,* 72 Fed. 271.) Stock-
holders cannot sell or mortgage property. (*Gashwiler* v.
*Willis,* 33 Cal. 11;[1] *Wright* v. *Oroville Mining Co.,* 40 Cal.
20; *Smith* v. *Dorn,* 96 Cal. 73.)

McFARLAND, J.—A demurrer to the complaint was sus-
tained, and, plaintiff declining to amend, judgment went for
defendant. Plaintiff appeals from the judgment.

The demurrer was upon several grounds, and the court
overruled it as to all the grounds except the general one that it
does not state facts sufficient to constitute a cause of action,
and, as we think the special grounds are not tenable, we will
consider only the question whether the court erred in holding
the general demurrer good.

The facts alleged in the complaint are substantially these:
During the time mentioned in the complaint the plaintiff was,
and is, a corporation, and one W. H. Baldridge was, and is,
its treasurer. On July 16, 1900, said Baldridge, describing
himself as treasurer of plaintiff, entered into a written con-
tract, designated as exhibit "A," with another corporation
called the Pacific Mutual Life Insurance Company of Cali-
fornia. By this contract the insurance company, in considera-
tion of one dollar and certain covenants and agreements of
Baldridge, leased to Baldridge, his heirs and assigns, the
exclusive right of drilling for, developing, and removing
petroleum, oil, and other like substances, in and upon certain
described lands of the insurance company. By this contract
Baldridge agreed that within six months he would commence

[1] 91 Am. Dec. 609.

and diligently prosecute drilling and sinking wells on the lands for the purpose of developing oil. The contract contains many provisions not necessary to be here mentioned in detail. It is sufficient to say that if Baldridge should prosecute the work in the manner and within the times prescribed, and should find oil in paying quantities, he should retain possession of the land for the purpose of extracting oil for a very long period, and was to give the insurance company certain royalties; but if he should fail to comply with the contract, or abandon it, his right under it should end. It was averred that this contract and lease was made by Baldridge ''for and in behalf of the said Escondido Oil and Development Company, who was the real party in interest thereto, and this fact was well known to said lessor when said lease was executed.'' And a few days afterwards—on July 25, 1900—Baldridge, as treasurer, assigned and transferred by an instrument designated as exhibit ''B'' to plaintiff the said exhibit ''A,'' with all its rights and obligations.

Afterwards, on November 3, 1900, the said Baldridge, as such treasurer, by the direction of plaintiff, entered into another contract, designated as exhibit ''C,'' with the defendant herein, C. H. Glaser, which contract is the foundation of this present action. In this contract there is first recited the making of said exhibit ''A'' between Baldridge and the said insurance company. It is then recited that Glaser desired to take a sub-lease of a one-half interest of all the rights that Baldridge held by said contract between him and the insurance company, upon the conditions thereinafter specified. Then Baldridge assigns and sub-leases to Glaser a one-half interest of all his right under the contract with the insurance company, and ''subject to all the terms, conditions, and limitations in such lease from said insurance company to the party of the first part herein set out and appearing, upon the following conditions.'' Then Glaser promises to put on the land all necessary machinery for boring, etc., and to prosecute the work of boring wells., etc., within certain times,—entering into the details of such work,—and that he ''will comply with the conditions imposed upon the party of the first part by said lease from said Pacific Mutual Life Insurance Company.'' Glaser also agreed that for the breach of the contract or any part thereof he will pay to the

CXLIV. Cal.—32

party of the first part five hundred dollars as liquidated damages. It is averred that under this contract Glaser commenced drilling and boring on the land, but that he failed to put on the necessary machinery, and has failed and refuses to prosecute the work as provided in said contract in a diligent manner, or at all, and has notified Baldridge and plaintiff that he has abandoned operations under such contract, and would not complete the same, and that both Baldridge and plaintiff have demanded of him that he comply with the terms of said contract and proceed with the work, but defendant refused to do so, and notified them that ''he has abandoned said enterprise and did not intend to carry out his said contract.'' It was also averred that on September 21, 1901, Baldridge assigned to plaintiff all his interest in the contract, exhibit ''C,'' and any right of action which he might have against defendant for a breach of said contract; and ''that the said defendant well knew at the time when said contract marked exhibit 'C' was made that the plaintiff herein was the party in interest, and that the same was executed in its behalf by said W. H. Baldridge as treasurer, and that said lease had been assigned to it by said W. H. Baldridge, treasurer.''

It very clearly appears from the complaint that defendant has broken his covenants and promises contained in said contract, exhibit ''C.''

The main contentions of respondent are, that at the time when exhibit ''C'' was made Baldridge had no interest in the land, having previously assigned all his right in exhibit ''A'' to plaintiff, and therefore was a stranger to the title and possession, and could not sublet the same; that there was no contractual relation between defendant and plaintiff; and that the assignment of the cause of action for the breach of the contract was void, because plaintiff had no capacity under its charter to acquire choses in action or causes of action; and we understand that these are the main grounds upon which the demurrer was sustained. We do not think that these positions are tenable.

If Baldridge had been the real party to exhibit ''C,'' and had himself brought this action, it is doubtful if defendant could have defended upon the ground that Baldridge had no title to the premises, while no claim was set up by any other

person, and there was no disturbance of the defendant's possession, and no hindrance by any one to a performance by him of his part of the contract. (See *Joyce* v. *Shafer,* 97 Cal. 335.) But the plaintiff was the real party to exhibit "C," and defendant, as is averred, knew that fact, and knew that he was dealing with plaintiff through its agent, and the truth of the averment of this fact could be shown by parol evidence. This subject was fully discussed in *Southern Pacific Co.* v. *Von Schmidt Dredge Co.,* 118 Cal. 368. In the opinion in that case it is said, quoting from another case, that "if upon the face of the instrument there are indications suggestive of agency, such as the additions of *words of office,* or agency to the signature, or the imprint of the corporate title on the paper,—parol evidence is competent to show whom the parties intended should be bound *or benefited.* And even where the contract bears no such suggestion on its face, the rule as now generally received is, that parol evidence is competent either *in favor* of or against the corporation." In the case at bar, under the averments of the complaint, which as against the demurrer must be taken to be true, the plaintiff is the real party in interest, and entitled to maintain an action for the breach of the contract. The averment that Baldridge went through the form of also assigning the cause of action is mere surplusage and immaterial. It appears that in the contract, a copy of which is attached to the complaint, after the signatures to exhibit "C," there is a statement that the contract is ratified by the holders of more than two thirds of the capital stock of plaintiff; but this statement is also surplusage and immaterial. It is true that the board of directors is, for most purposes, the governing body of a corporation; but the statement in a pleading that certain property or right to property was conveyed or assigned to a corporation, or that it made a contract not on its face *ultra vires,* is sufficient as an averment of such fact.

There are two counts in the complaint. In the first count judgment for five hundred dollars as liquidated damages is prayed for, and in the second count actual damages in a larger amount named. Respondent contends that this is not a case where there could be a valid agreement for liquidated damages, under sections 1670 and 1671 of the Civil Code; but as there is no special demurrer to the first count on that ground,

the complaint, if good for actual damages, is not reached by the demurrer. However, as the case may be hereafter tried on its merits, it is proper to say that, in our opinion, the agreement for liquidated damages should be upheld. The complaint sufficiently states the character and subject-matter of the contract—"the nature of the case," to use the language of section 1671—to show that upon its breach "it would be impracticable or extremely difficult to fix the actual damages." Fixing the amount for damages sustained in contracts for digging oil-wells very similar to the one here involved was upheld in *Gibson* v. *Oliver,* 158 Pa. St. 277, and the cases there cited. And it would seem that damages for breaches of contracts touching future interest in oil-wells of unknown value are of such remote and speculative character as to bring them peculiarly within the rule that the parties should have the right to fix them by mutual agreement. In the case at bar the right of plaintiff, under the contract with the insurance company, to test the land, and to acquire a valuable interest therein if the test prove successful, was limited in time, and that right might be lost by a failure of defendant to comply with his contract; and it was quite apparent that in such event it would be entirely impracticable to show plaintiff's loss, or what otherwise would have been his gain. And the small amount provided in the contract herein involved as liquidated damages is certainly not unconscionable.

There are no other points calling for special notice.

The judgment appealed from is reversed, with directions to the court below to overrule the demurrer to the complaint.

Henshaw, J., and Lorigan, J., concurred.