J. E. DAVIDSON *et al.* V. E. S. HUGHES *et ux.*

No. 15,111.  (91 Pac. 913.)

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment after Demurrer Sustained and Judgment—Time for Motion.* Where a demurrer to an answer is sustained, and the defendant stands upon his exception thereto and judgment is rendered against him, and he takes additional time to prepare a case for appeal to the supreme court, and when, after more than three days have elapsed and the term of court has expired, he files a motion to set aside the judgment and to be allowed to file an amended answer, such motion is out of time and cannot be considered.

2. DAMAGES—*Liquidated.* When at the execution of an oil-and-gas lease only one dollar is paid to the grantors therefor, and the grantees agree, as the principal consideration, to complete three wells on the premises within twelve months from the execution of the contract or to pay $500 "as a forfeit," such agreement of payment on default will be regarded as a provision for liquidated damages and not as a penalty.

Error from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed July 5, 1907. Affirmed.

*Rossington & Smith,* and *Samuel Barnum,* for plaintiffs in error; *Gunnell & Chinn,* of counsel.

*Brooks & Spencer,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: E. S. Hughes and wife, owners of certain lands, executed a so-called oil-and-gas lease thereof to J. E. Davidson and others, which contained the following provision:

"The lessees agree to commence drilling a well on the land above described, one well in (3) months, 2 additional within one year from the above date. If said lessees fail to complete 3 wells within 12 months as above provided, then and in that case said lessees agree to pay $500 (as a forfeit) to said lessors at the expiration of that time."

The lessors failed to do anything under the lease for more than twelve months, and Hughes and wife commenced this action to recover $500 under the provision.

Thereafter an answer was filed which admitted the execution of the lease and substantially all the allegations of the petition, and set up the following defense thereto:

"That although the contract of lease mentioned in and filed with the petition herein contains the provisions set out in clause four of the petition, and although defendants did not complete the three wells on the premises described in said lease within twelve months from and after its date, yet defendants say that said provisions and the failure of defendants to comply with its said terms do not give plaintiffs a right to recover of defendants the sum of five hundred dollars, or any other sum.

"Defendants further answering say that during the latter part of the year 1904, and long before the expiration of the time for drilling said wells under the lease, the price of oil greatly declined, the market thereof declining more than half, and there became and was no market for oil in the Kansas field; that by reason of the decline in the price of oil, and the failure of the Prairie Oil and Gas Company, it being the only purchaser thereof in the Kansas field, to buy the same, drilling and development for oil in the Kansas field became and was practically ceased, and not only were plaintiffs not damaged by the failure of defendants to drill said wells as provided in said lease, but defendants allege that

their failure so to drill was and is beneficial to plaintiffs, for the reason that the oil is more valuable in the ground than to be evaporating at the surface, by reason of there being no market for the same and the inability to sell the same at any reasonable price.

"Wherefore, plaintiffs having sustained no damages. by reason of defendants' failure so to drill as aforesaid, the defendants pray that they be permitted to go hence without day, and recover their costs herein expended."

To this answer a demurrer was sustained, October 7, 1905. The defendants made no application to be allowed to file further pleadings, but stood upon their exceptions to the ruling, and the court rendered judgment in favor of the plaintiffs in the sum of $500, as. prayed for. Time was given, presumably upon the application of defendants, to make a case for appeal to the supreme court.

Thereafter, on November 17, 1905, the defendants, on notice, presented to the judge of the district court at chambers their motion to set aside the judgment of the court and for leave to file an amended answer. This application, filed ten days after judgment and after the expiration of the term of court, was not made in time. (See Code, § 308; Gen. Stat. 1901, § 4756.) If the defendants considered themselves entitled to any relief they should have filed a petition under the provisions of section 310 of the code. (Gen. Stat. 1901, § 4758.)

We have, then, only to consider whether the petition stated a cause of action, and whether the answer stated any defense thereto. The petition is based on the provision of the lease above quoted, without any special allegation of damages, and the answer states no defense except the affirmative allegation that the plaintiffs suffered no actual damages by reason of the failure of the defendants to complete the wells provided for in the contract within the prescribed twelve months.

Is an allegation of actual damages essential to the sufficiency of the petition? Or, what is practically the

same question, does the answer of "no resulting damage" constitute a defense to the agreement to pay, in default of performance, $500? The language of the contract is that upon default the $500 is to be paid "as a forfeit," and the question to be solved is whether under all the circumstances this forfeit was intended as a penalty or as liquidated damages. The language of the contract is, of itself, not conclusive. The consideration for the contract at its inception was only one dollar, and it is apparent that the real inducement which led the owners of the land to make the grant was the promise of the grantees to do the stipulated things within the stipulated time. Performance thereof might result in great profit to the grantees, and failure to perform and the exclusion of all other prospectors from the premises who might desire to purchase the privileges may, under the circumstances, be presumed to have resulted in damage. The extent of such damage could only be conjectural, and would be difficult, if not impossible, of specific pleading or specific proof.

In view of these evident considerations we think the parties agreed upon the payment of $500 as liquidated damages in case of default by the grantees, and it seems not an unreasonable, but a very reasonable, provision under the circumstances. (See 13 Cyc. 97 *et seq.; Monmouth Park Asso. v. Wallis Iron Works,* 55 N. J. Law, 132, 26 Atl. 140, 19 L. R. A. 456, 36 Am. St. Rep. 626; *Oil Company v. Crawford,* 55 Ohio St. 161, 44 N. E. 1093, 34 L. R. A. 67; *Morse v. Rathburn,* 42 Mo. 594, 97 Am. Dec. 359; *Smith v. Smith,* 4 Wend. [N. Y.] 468; *Streeper v. Williams,* 48 Pa. St. 450; *Sutton v. Howard and others,* 33 Ga. 536; *Cheddick's Ex'r v. Marsh,* 21 N. J. Law, 463; *Gibson v. Oliver, Appellant,* 158 Pa. St. 277, 27 Atl. 961; *Jaquith v. Hudson,* 5 Mich. 123.)

We conclude that the petition stated a cause of action

and that the demurrer thereto was properly overruled; that the answer stated no defense and that the demurrer thereto was properly sustained.

The judgment is affirmed.