[Civ. No. 3711. Third Appellate District.—April 4, 1929.]

JOHN J. KELLY et al., Appellants, v. J. A. McDONALD et al., Respondents.

J. A. Chase for Appellants.

H. B. McClure for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment in favor of plaintiffs, terminating a lease of real property, but refusing to allow liquidated damages for failure on the part of the defendants to commence the sinking of an oil-well within a specified time. The appeal is from the judgment-roll alone. The evidence is not before this court.

May 24, 1926, the plaintiffs leased to the defendants 320 acres of land for the purpose of sinking oil-wells thereon. The lease contained a provision to the effect that if the lessees. failed to "begin actual operations toward the drilling of a well on or before the expiration of June 30, 1926, . . . he agrees to pay lessors as liquidated damages the sum of $1,000." The court found that the lessees failed to commence the drilling of the oil-wells within the prescribed time, or. at all; that they were, therefore, guilty of a breach of the agreement and thereupon terminated the lease, but further found as a conclusion of law that the lessors were not entitled to any sum whatever as liquidated damages.

The pleadings fail to raise the issue of liquidated damages. It is true that the lease containing the provision respecting liquidated damages was made a part of the complaint as an exhibit thereto. There was, however, no allegation that it was "impracticable or extremely difficult to fix the actual damages," nor was there a statement that any damages whatever resulted from the breach of the lease. The complaint merely recites the nonperformance of the lease, and that no part of the liquidated damages had been paid. The prayer merely demands judgment "for the sum of $1,000 and interest . . . from June 30, 1926." A prayer for judgment in a specified sum is not equivalent to an allegation that damages were suffered. (*Bradbury* v. *Higginson,* 162 Cal. 602, 610 [123 Pac. 797].) The mere use of the term "liquidated damages" does not necessarily characterize the detriment as such. Indeed, the pleadings in the present case indicate that the appellants considered the stipulated amount as a penalty rather than liquidated damages, for they seem to have assumed the amount would automatically become due as a necessary presumption that

124

damages would inevitably follow a breach of the contract. Manifestly, this is not true. Damages may or may not result from the breach of a contract. Hence the wisdom of the rule which requires the pleader to allege not only that he has been damaged but also facts from which it may be ascertained that the claim presents a proper case for stipulated damages. It has therefore been held that a claim for stipulated damages must be accompanied by appropriate allegations showing that it is impracticable or extremely difficult under the circumstances to estimate actual damages. (8 Cal. Jur. 891, sec. 128; *Dyer Bros., etc.,* v. *Central Iron Works,* 182 Cal. 588, 593 [189 Pac. 445].) ▮ Since the pleadings in the present case lack an allegation of damages and omit a recitation of facts entitling the appellants to liquidated damages, they may not complain because the court has failed to specifically find that no damages resulted from the breach of lease. These omissions in the pleadings may have been cured by the respective litigants having tried the case upon the theory that liquidated damages was a proper issue. However, since the record is not before this court, and every presumption is in favor of the judgment, we must assume just the contrary.

▮ It is established as the law of California that the failure to drill oil-wells within a prescribed time is a proper subject authorizing an agreement for the payment of liquidated damages. (Sec. 1671, Civ. Code; *Escondido Oil & Dev. Co.* v. *Glaser,* 144 Cal. 494 [77 Pac. 1040]; *Allen* v. *Narver,* 178 Cal. 202 [172 Pac. 980]; *McComber* v. *Kellerman,* 162 Cal. 749 [124 Pac. 431]; *Starr* v. *Lee,* 88 Cal. App. 344 [263 Pac. 376].) There is no question in the present case that the parties intended to and did contract for the payment of $1,000 as liquidated damages for failure on the part of respondents to commence drilling the wells before June 30, 1926. The court has specifically so found and also that the respondents defaulted in the performance of the covenant.

▮ The provisions of a contract attempting to specify in advance the amount of damages to be paid in the event of a breach thereof, are void (sec. 1670, Civ. Code), except that when the circumstances which exist at the time of the execution of the contract make it impracticable or extremely difficult to estimate actual damages, the parties may agree

to an amount which will be presumed to represent the damages sustained on account of a breach of the contract. (Sec. 1671, Civ. Code.)

■ The decisions of California are in accord with the great weight of authority which holds that liquidated damages may be recovered only upon pleading and proof of facts which bring the contract within the provisions of the exception to the general rule as announced in section 1671 of the Civil Code. (8 Cal. Jur. 891, sec. 128; *Hanlon Dry Dock Co.* v. *McNear,* 70 Cal. App. 204, 215 [232 Pac. 1002] ; *McInerney* v. *Mack,* 34 Cal. App. 153, 156 [166 Pac. 867] ; *Thomas* v. *Anthony,* 30 Cal. App. 217, 220 [157 Pac. 823] ; *Sun-Maid Raisin Growers* v. *Paul A. Mosesian & Son,* 90 Cal. App. 1 [265 Pac. 828] ; *Dyer Bros. G. W. Iron Wks.* v. *Central Iron Wks.,* 182 Cal. 588, 593 [189 Pac. 445].) The difficulty of ascertaining actual damages, so as to maintain a suit for breach of contract under the provisions of the exception to the general rule as it is expressed in section 1671, *supra,* is not presumed, but must be established by proof. (*Green* v. *Frahm,* 176 Cal. 259, 262 [168 Pac. 114] ; *Long Beach School Dist.* v. *Dodge,* 135 Cal. 401, 404 [67 Pac. 499].) Upon proof of the breach of a contract which specifies an amount of liquidated damages, the general rule is that the amount of actual damages need not be shown. (17 C. J. 965, sec. 264.) ■ The term "liquidated damages" is used to indicate an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement, and which may not ordinarily be modified or altered when damages actually result from nonperformance of the contract. (*United States* v. *United States Fidelity & Guaranty Co.,* 151 Fed. 534, 536.) While the term "liquidated damages" does imply that the parties have ascertained and agreed upon a sum which they assume will adequately compensate for a breach of the contract, this does not necessarily mean that the amount specified must be paid whether damages result from the breach or not. The very term of "damages" contemplates an injury sustained or detriment resulting from the breach of a contract or the nonperformance of a duty. As the court says in *Starr* v. *Lee, supra:* "We find authorities holding that recovery cannot be had when the evidence shows that no damage at all resulted from the breach." ■ The exception to the general rule

to the effect that the predetermined amount of damages for the breach of an obligation is void, as that exception is expressed in section 1671 of the Civil Code does not purport to declare that an amount of liquidated damages agreed upon shall be *conclusively* presumed to be the exact figure which will adequately compensate for the breach of contract. This section merely asserts that it is "presumed to be the amount of damages sustained." This presumption may be rebutted by proof that no detriment whatever resulted from the breach. ▮ After the contract providing for stipulated damages, together with the breach thereof has been established, the burden shifts to the defendant to show, if it be true, that no damage resulted.

▮ In the present case, since the evidence is not before this court, and the trial court specifically found that "Plaintiffs are not entitled to judgment in the sum of $1,000 or any other sum as provided in said lease, as liquidated damages," this court must assume that the record adequately shows that the appellants were not injured and that they suffered no damage on account of the breach of lease.

The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.