## Gibson *v.* Oliver, Appellant.

158      277
21 SC ¹113

*Oil lease—Covenant—Rent—Forfeiture.*

An oil lease provided that a well should be completed within one year, and, in case of failure to complete the well within one year, the lessee was to pay to the lessor a certain sum per annum for the delay, and if such payment was not made the lease was to be null and void. A second well was to be completed within two years, and in case of failure to complete the well within two years, the lessee was to pay a certain sum or forfeit the lease. In an action to recover the penalties for not completing either of the wells provided for in the lease, defendant filed an affidavit

of defence, in which he averred that from drilling wells in the vicinity it was found that there was no oil or gas in plaintiff's farm, and that therefore no wells had been put down, and that the lease became void and of no effect. *Held*, that the affidavit was insufficient to prevent judgment. Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Springer v. Gas Co., 145 Pa. 430, and Leatherman v. Oliver, 151 Pa. 646, applied.

The manifest purpose of the lease was to test the demised premises by putting down two wells thereon. If it was intended that a test of the leased premises might be made by putting down wells outside thereof, the defendant should have protected himself by a stipulation in the lease to that effect.

Argued Oct. 23, 1893. Appeal, No. 7, Oct. T., 1893, by defendant, James B. Oliver, from judgment of C. P. No. 1, Allegheny Co., March T., 1892, No. 244, in favor of plaintiff, Jacob Gibson, for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on oil lease.

The material portions of the lease were as follows:

" Operations on the above described premises shall be commenced and one well completed within one year from the date hereof, and, in case of a failure to complete one well within such time, the party of the second part hereby agrees to pay to the party of the first part for such delay the sum of five hundred dollars per annum, payable at the Peoples Bank as aforesaid, and the party of the first part hereby agrees to accept such sum as consideration and payment for such delay until one well shall be completed, and a failure to complete one well or to make any of such payments within such time and at such place as above mentioned, renders this lease null and void, and to remain without effect between the parties hereto.

"It is further agreed that party of the second part shall commence and complete a second well on said premises within two years from the date hereof, and in case of failure to do so he shall pay as aforesaid to party of the first part one thousand dollars, or forfeit this lease."

Plaintiff claimed to recover two years penalty for failure to complete the first well, and $1,000 for failure to complete the second well.

Defendant filed an affidavit of defence which was as follows:

"After the making of the lease upon which this action is founded, it became apparent from drilling of wells in the vicinity of plaintiff's farm that there was neither gas nor oil to be found in paying quantities on said farm, and for that reason defendant did not put down a well within one year from the date of the lease, nor did he pay the sum of five hundred dollars, and therefore, under the terms of said lease, the same became 'null and void and to remain without effect between the parties' thereto, and therefore no money is due for either the first or the second well.

"And for a further defence, as regards the second well, affiant says that no action can be maintained therefor, because a failure to put it down forfeited the lease; and further, that in any event the sum of one thousand dollars to be paid on account of failure to put down said second well was a penalty and cannot be recovered, and that the failure to put down said well did not damage plaintiff, because from developments in the vicinity there was neither gas nor oil in paying quantities on said farm."

The court, STOWE, P. J., made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was order as above.

*W. B. Rodgers*, for appellant.—This record presents a feature not before the court in any previous case, viz., that there was neither gas nor oil in the land leased, as shown by the developments. If this be correct, then there was no injury to the plaintiff; putting down a well would have been a loss to the lessee without benefit to the lessor.

*Charles G. McIlvaine, George W. Wurzell* with him, for appellee, cited: Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Springer v. Gas Co., 145 Pa. 430; Leatherman v. Oliver, 151 Pa. 646.

PER CURIAM, November 6, 1893:

There was no error in entering judgment for want of a sufficient affidavit of defence. The questions presented appear to be ruled by Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co.,

138 Pa. 576 ; Springer v. Gas Co., 145 Pa. 430, and Leatherman v. Oliver, 151 Pa. 646. The manifest purpose of the lease was to test the demised premises for oil and gas purposes by putting down two wells thereon. This was not done, nor was it even attempted. If it was intended that a test of the leased premises might be made by putting down wells outside thereof, the defendant should have protected himself by a stipulation in the lease to that effect.

Judgment affirmed.