[L. A. No. 4246. Department Two.—April 25, 1918.]

F. H. ALLEN, Respondent, v. D. C. NARVER et al.,
Appellants.

LEASE—OIL LANDS—REMEDIES ON DEFAULT.—Where a lease of oil
lands on a royalty contained a covenant that the lessees on failure
to commence drilling by a fixed time should pay the lessor a stated
sum monthly while in default, and also a provision that a failure to
prosecute diligently the work of drilling and producing oil should
render the lease null and void, such covenant and provision did not
render the lease a mere option on the part of the lessee, but gave
the lessor the option of terminating the lease or bringing action
on the covenant to pay a monthly rental in money.

ID.—PENALTY FOR BREACH—LIQUIDATED DAMAGES—MONTHLY RENTAL.—
In such case, the provision for a monthly payment by the lessee in
case of default in drilling was clearly in the nature of rental for
the premises or compensation for the right, and not an attempt to
fix a penalty or liquidated damages.

ID.—LIQUIDATED DAMAGES PERMISSIBLE.—But even if the provision were
considered as an agreement for the payment of liquidated damages,
a complaint and proof of breach of the covenant in the lease would
support a judgment for such damages, since it would be impossible
to calculate with any degree of certainty the amount of damage sus-
tained by the plaintiff lessor by reason of the breach of the lessee's
covenant to drill.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a motion for a
new trial. Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

Albert A. Kidder, Jr., and Schweitzer & Hutton, for
Appellants.

Kimball Fletcher, for Respondent.

VICTOR E. SHAW, J., pro tem.—The question presented
on this appeal from a judgment in favor of plaintiff and an
order of court denying defendants' motion for a new trial
involves the interpretation of a lease made by plaintiff to de-
fendants of certain lands for use in extracting oil and other
mineral substances therefrom, the express consideration there-
for being a royalty of one-eighth of the mineral so extracted.

The provision of the lease upon which the action is based is as follows: "It is further expressly agreed and understood, that in the event that the second parties (defendants) shall fail to commence operations by the fourth day of July, 1911, under the terms of this lease, then and in that event the parties of the second part (defendants) will pay the party of the first part (plaintiff) one hundred ($100) dollars per month for each and every month in which they shall make such default in the commencement of operations hereunder." The complaint alleged and the court found that defendants, and each of them, wholly failed and refused to commence operations on or before July 4, 1911, and from thence to March 4, 1913, continuously failed and refused so to commence operations in accordance with their covenant so to do, and likewise refused to pay the one hundred dollars per month or any part thereof during said period of default. No attack is made upon this finding; indeed, it is conceded that defendants never at any time complied or attempted to comply with their agreement in this respect. Their contention is that, notwithstanding their express covenant, the lease constitutes merely an option on their part, and that plaintiff's sole remedy for breach of the agreement was to enter upon the property and terminate the lease. It is quite true that by another provision of the lease it was provided that a failure on the part of the lessees to comply with the conditions thereof, or their failure to diligently prosecute the work of drilling and producing oil, would render the lease null and void and of no effect. This provision constitutes an option given to the lessor which, in lieu of insisting upon the payment of the one hundred dollars per month as provided in that portion of the lease hereinbefore quoted, he might or might not exercise at his election. Defendants having agreed to commence operations before July 4, 1911, could not insist that their failure to perform their covenants should be equivalent to performance. As said by the court in discussing a like contention in *Woodland Oil Co.* v. *Crawford,* 55 Ohio St. 161, [34 L. R. A. 62, 44 N. E. 1093], where a great number of cases in support of the proposition are cited: "A promise to drill a well cannot be satisfied by a failure to drill such well. The proper construction to be placed upon such an agreement is, that upon failure of the lessee to drill a well, or pay the rental, . . . the lessor may elect to put an end to

the lease . . . or he may elect to have the lease continue in force to the end of the term, and enforce . . . the payment of rentals, as provided in the lease.'' So here, under the terms of defendants' express covenant to pay one hundred dollars per month for each and every month in which they shall make default in the commencement of operations, the lessor may, instead of exercising the right which he has to terminate the lease, insist upon the payment of the sum stipulated to be paid for failure to comply with the covenant to commence operations and drill one well each year during the term of the lease. In support of their contention appellants have cited a number of cases, chief among which are those of *Risch* v. *Burch,* 175 Ind. 621, [95 N. E. 123], and *Glasgow* v. *Chartiers Oil Co.,* 152 Pa. St. 48, [25 Atl. 232], an examination of which shows there was a lack of any covenant on the part of the lessees in the leases considered to do the work specified or pay anything as rental or damage for failure to do it. They involve contracts containing provisions to the effect that in the event of failure on the part of the lessees to develop the land *or pay rental,* the lessor might terminate the lease. There being no covenant on the part of the lessee, this was the lessor's only remedy. In the instant case, however, the lease contains an express covenant on the part of the lessees to the effect that in case they fail to commence operations by July 4, 1911, they will pay the one hundred dollars per month for each month during which they shall make default therein.

It is next insisted that the covenant to pay the one hundred dollars per month must be regarded as a penalty and not as liquidated damages, and since there was no evidence introduced showing the amount of damage which plaintiff had sustained, no recovery can be had. This contention is fully answered by the opinion in the case of *Escondido Oil & Dev. Co.* v. *Glaser,* 144 Cal. 494, [77 Pac. 1040], where the court, in discussing a like claim made therein, said: ''Fixing the amount for damages sustained in contracts for digging oil wells very similar to the one here involved was upheld in *Gibson* v. *Oliver,* 158 Pa. St. 277, [27 Atl. 961], and the cases there cited. And it would seem that damages for breaches of contracts touching future interests in oil wells of unknown value are of such remote and speculative character as to bring them peculiarly within the rule that the parties should have

the right to fix them by mutual agreement." From the nature of the case it would be impossible to calculate with any degree of certainty the amount of damage sustained by plaintiff by reason of the breach of the covenant made by defendants. In the case of *McComber* v. *Kellerman,* 162 Cal. 749, [124 Pac. 431], the court, considering a like contention, said: "It was clearly in the nature of rental for the premises or compensation for the right, and not an attempt to fix a penalty or liquidated damages. But if it were considered as liquidated damages the complaint and proof are sufficient to support the judgment. The nature of the case and the extreme difficulty of fixing damages arising from the breach of such a contract are fully shown by the lease itself."

There is no merit in the contention that the evidence is insufficient to sustain the finding as to the assignment made by the original lessor in said lease to the plaintiff bringing this action.

The judgment and order are affirmed.

Melvin, J., and Wilbur, J., concurred.