[Sac. No. 4212. In Bank.—February 5, 1930.]

FRANK C. FAHRENBAKER, Respondent, v. E. CLEMENS HORST CO. (a Corporation) et al., Defendants; JOSEPHINE A. HUNT, Appellant.

John R. Connelly for Appellant.

Busick & Leeper for Respondent.

THE COURT.—A hearing in this case was granted by this court after decision by the District Court of Appeal of the State of California, in and for the Third Appellate District, Finch, P. J., writing the opinion. The following portion of said opinion is hereby adopted as and for the opinion of this court:

"This is an appeal by the defendant Josephine A. Hunt from the judgment herein apportioning the rent of the lands described in the complaint for the year ending November 1, 1926.

"The defendant E. Clemens Horst Company holds the lands under a lease from A. D. Murphy for a term of ten years, commencing November 1, 1919, at the annual rental of $1,500, payable annually at the end of each year of the term. The lease was duly recorded. During the term of the lease Murphy executed a trust deed to secure payment of his promissory note to the appellant, and on September 4, 1926, the land was sold by the trustee to satisfy the indebtedness, the appellant becoming the purchaser for

the amount of the deed and the expenses of sale. On September 17, 1926, the trustee conveyed the land to appellant. At the time of the sale the plaintiff held an unrecorded assignment of all rents to become due under the lease as security for an amount due him from Murphy. The assignment was made prior to the execution of the trust deed, but the appellant had no knowledge thereof until after she had purchased and paid for the property and had received the trustee's deed therefor. The court apportioned the rent for the year ending November 1, 1926, awarding the plaintiff $1,316.10 thereof and the appellant $183.90. Appellant contends that she is entitled to all of the rent for the year. The plaintiff's rights under the unrecorded assignment are not greater than but are the same as Murphy's would have been if no assignment had been made.

■ " 'Rent is not, in common law regarded as accruing from day to day, as interest does, but it is only upon the day fixed for payment that any part of it becomes due. The result of this principle is that, ordinarily, the person who is on that day the owner of the reversion is entitled to the entire instalment of rent due on that day, though he may have been the owner of the reversion or rent but a part of the time which has elapsed since the last rent day. . . . When the landlord makes a conveyance of the reversion, the grantee is entitled, in the absence of a contrary stipulation, to all of the rent which falls due at the next rent day.' (Tiffany on Landlord and Tenant, sec. 176.) In *Diepenbrock* v. *Luiz,* 159 Cal. 716 [Ann. Cas. 1912C, 1084, L. R. A. 1915C, 234, 115 Pac. 743], the following language in section 389 of Taylor's Landlords and Tenants (9th ed.) is quoted with approval. 'It is well settled that in all cases of periodical payments, accruing at intervals, and not *de die in diem,* there can be no apportionment, for rent will not be apportioned in respect of time, unless by force of a statute or of some special provision of the lease.'

■ " ' Conveyance by operation of law or under a trust deed or power of sale in a mortgage or by a master or sheriff under a decree or execution that is valid against the lessor, will be as efficacious as a deed from him directly. Whatever unqualifiedly passes his reversion will pass rent thereafter accruing.' (Underhill on Landlord and Tenant, sec.

318; Tiffany on Landlord and Tenant, sec. 180; 36 C. J. 366.)

"In this state rent is apportioned during the period allowed for redemption of property sold under execution or in the foreclosure of a mortgage. (*Clarke and Cain* v. *Cobb*, 121 Cal. 595 [54 Pac. 74].) The decision last cited, however, is based on the special provisions of section 707 of the Code of Civil Procedure, relating to the redemption of property from sales on execution and foreclosure, which section has no application to sales under trust deeds."

The judgment is reversed.

Rehearing denied.