384

S. Ralph Warnken, of Baltimore, Md., for trustee.

Myer Rosenbush and Louis J. Freehof, both of Baltimore, Md., for claimant.

COLEMAN, District Judge.

The question here arises on a petition by the trustees in bankruptcy to review an order of the referee allowing a landlord's claim against the bankrupt tenant, Newark Shoe Stores, Inc., for a full month's rent. Under the terms of the written lease, the rent was payable in advance in monthly installments of $230 each, on the first day of every month. The petition in bankruptcy was filed and adjudication occurred on the 19th of February, 1932. The bankrupt neither occupied the premises during any part of the month of February, nor paid any of the February rent. The referee allowed the landlord's claim for the entire amount of the February rent, relying upon section 63a (1) of the Bankruptcy Act (11 USCA § 103 (a) (1) which is as follows: "Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not. * * *"

The premises covered by the lease are located in Chicago, Ill. The lease was executed in Baltimore where it was signed by the tenant after the landlord had signed it in Chicago. Under these circumstances, it is reasonable to assume that what occurred was an offer to lease, made in Illinois, which was accepted in Maryland, the latter place thereby becoming the place of execution of the lease. Thus, in so far as the lease created any rights in rem in the land, the law of the situs of the land governs; but, in so far as the lease created any rights in personam by virtue of its covenants, the law of the place of execution governs. See In re Barnett (C. C. A.) 12 F.(2d) 73, certiorari denied United Cigar Stores Co. v. Rayher, 273 U. S. 699, 47 S. Ct. 94, 71 L. Ed. 846. Therefore, although the duty to pay rent is sometimes said to arise out of the land, it is in fact the covenant to pay rent that is relied upon, that is, the contractual part of the lease, and, therefore, the applicable law is that of Maryland where the contract to lease was made. Under the Maryland law, rent is not apportionable as to time. Martin v. Martin, 7 Md. 368, 61 Am. Dec. 364. Whether this rule may have been changed by the somewhat ambiguous recent statute (Laws of Maryland 1929, chap. 495; Article 93, § 305C, Ann. Code of Maryland), we need not determine because that statute applies only to instruments executed since July 1, 1929, and the lease here involved was executed in 1922.

It follows from the aforegoing that the decision of the referee must be affirmed. While there appears to be no reported decision of any federal court squarely deciding the question here in controversy, we find support for the conclusion here reached in various decisions covering leases in Pennsylvania, construing the effect of the bankruptcy law upon a statute of that state permitting a lease to provide that, upon the bankruptcy of the tenant, all rent for the remainder of the term shall become immediately due and payable. Such cases uniformly have held that the entire amount of rent may be proved against the bankrupt's estate as "a fixed liability * * * absolutely owing" at the time of bankruptcy. See In re Schechter (C. C. A.) 39 F.(2d) 18, and cases therein cited. See, to the same effect, In re Sherwoods, Inc., 210 F. 754, Ann. Cas. 1916A, 940, a decision of the Circuit Court of Appeals for the Sec-

ond Circuit, where, although the trustees have cited this case in support of their contention, a result favorable to them was there reached only because of the court's view that the law of New York permitted apportionment of rent under such circumstances. In any event, as has just been pointed out, the Maryland law is to the contrary.

Accordingly, the finding of the referee is affirmed, and the petition of the trustees dismissed.