## In re OWL DRUG CO.
### No. 480.

District Court, D. Nevada.
Sept. 30, 1935.

Ayres, Gardiner & Pike, of Reno, Nev., and Delger Trowbridge and Cushing & Cushing, all of San Francisco, Cal., for claimants.

Thatcher & Woodburn, of Reno, Nev., and Clarence A. Shuey and Grant H. Wren, both of San Francisco, Cal., for trustee, George K. Edler.

YANKWICH, District Judge.

Phelan Improvement Company filed a claim with the referee in the sum of $17,635.49. Of this amount $2,380 was claimed for rent of certain premises in San Francisco, Cal., for the month of October, 1932. Against this amount the claimant allowed a deduction of $1,064.41 paid by the receiver after bankruptcy for use and occupancy of the premises from October 10, the date of the adjudication, to October 31. The remainder of the claim was a claim for damages based upon the difference between the reasonable rental value of the premises on November 1, 1932, and the rent required to be paid for the remainder of the term under the lease. Upon the trustee's objection, the referee disallowed the claim except as to the sum of $690.98 to cover the rental from October 1 to October 10, 1932.

The Douglas Realty Company filed its claim for $1,435.49, being rental claimed for premises in San Francisco, Cal., for the month of October. The rental of the property was. $2,500 per month, against which the claimant allowed the deduction of $1,064.51 of the sum received from the receiver for use and occupancy. The referee allowed the claim in the sum of $729.79 only.

The disallowance of the claim of the Phelan Improvement Company for the portion of its claim which sought recovery of uncertain and unliquidated damages for the remainder of the term is now conceded to be correct in the light of the rulings in Manhattan Properties v. Irving Trust Co. (1934) 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, and Quinn v. Jaloff (C. C. A. 9, 1934) 71 F.(2d) 707.

The objection in each instance is therefore reduced to the objection to the failure of the referee to allow the rental for the entire month of October. By the terms of each of the leases, the total rental is made payable in equal monthly installments "in advance on the 1st day of each and every month during the said term." The leases being made in California, and involving property located in California, the question must be determined according to the law of California. Under that law, where, under the provisions of a lease, the monthly rental is due upon a certain day of the month, the right of the lessor to receive it is determined as of that day. And there can be no apportionment of the rent if, subsequent to the due date and before the expiration of the month, there be a termination of the relationship. In Title Insurance & Trust Co. v. Amalgamated Oil Co. (1923) 63 Cal. App. 29, 218 P. 71, the court had under consideration a lease which provided for a graduated rental. The rent provided for the month of February, 1921, was $1,600, payable on February 1, 1921. The lease contained a provision allowing the lessee to terminate the

lease upon the giving of notice at any time and the payment of $10 as liquidated damages. The lessee exercised his right under this provision on February 10, 1921, the termination to be effective immediately on said day. On the previous day, February 9, 1921, the lessee had issued its check for the payment of the rental for the month of February and had sent it through the mail. Thereafter, the lessee telegraphed to the bank upon which the check was drawn instructing it to refuse payment on the check. The bank refused payment and the action was instituted on the check to recover the sum of $1,600. Reversing the judgment of the lower court which had decided in favor of the lessee, the court held that, notwithstanding the termination of the lease, the right to the payment of the rent for the entire month had accrued. The court said: "The law is well settled that rent payable on a day certain accrues and becomes due at the very beginning of said day, and that by no act of the tenant thereafter, even though performed on the same day, can the owner of the premises be divested of his right to said rent." Title Insurance & Trust Co. v. Amalgamated Oil Co. (1923) 63 Cal. App. 29, at page 34, 218 P. 71, 73. Similar statements of the principle are found in Diepenbrock v. Luiz (1911) 159 Cal. 716, at page 721, 115 P. 743, L. R. A. 1915C, 234, Ann. Cas. 1912C, 1084, and Fahrenbaker v. E. Clemens Horst Co. (1930) 209 Cal. 7, at page 9, 284 P. 905. While cases exist where federal courts have allowed apportionment, a reading of them shows that they were based upon the law of the state in which the question arose which allowed apportionment of rent. Where (as in California) the rule is against apportionment, the federal courts have applied it. See In re Newark Shoe Stores, Inc. (D. C. 1933) 2 F. Supp. 384.

We do not think that the acceptance by the claimants of rental from the receiver for the remainder of the month upon a different basis should deprive them of the right to receive from the bankrupt estate the rental to which they became entitled on October 1, 1932. From this rental, of course, should be deducted the amounts received from the receiver. The claimants were always willing that this should be done. It follows that the claim of the Phelan Improvement Company should have been allowed in the sum of $1,315.39, and the claim of the Douglas Realty Company should have been allowed in the sum of $1,439.49.

The orders heretofore made by the referee are therefore modified, and the claims allowed in the sums just given.