[Civ. No. 17260.   Second Dist., Div. Two.   Mar. 7, 1950.]

GEORGE HARABEDIAN et al., Respondents, v. WILLIAM PARNELL, Appellant.

Lauren M. Handley and Aaron L. Lincoff for Appellant.

Avery M. Blount and Lloyd F. Dunn for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an unlawful detainer action, defendant appeals.

On May 14, 1948, plaintiffs, as lessors, leased to defendant the entire second floor of a building located at 341½ South Western Avenue which comprised 3 apartments and 12 guest rooms and was denominated an apartment hotel. At the time the lease was signed the premises were not ready for occupancy. Said lease provided for a total rental of $54,000 for a five-year period commencing May 10, 1948, and ending May 9, 1953. It further provided, ''Remodeling is now progressing on the twelve single rooms and as they are completed, one by one, possession will be given to Lessee.'' The lease also stated that the rental of $900 per month was to be payable monthly in advance, and acknowledged that $600 of the first month's rent was received upon execution of the lease. Further provisions read: ''However, the beginning date when rental shall start to accrue, shall be the time when the painters have completed painting the 12th single room;'' and ''Twenty days thereafter the sum of $300.00 balance on the first months rent shall be due and payable and thirty days or one month after the painters have completed said 12th room, then the 2nd months rent under this lease shall be due and payable.''

The completion date was August 23, 1948. On October 1, 1948, plaintiffs served defendant with a written notice to pay rent or quit, since defendant failed to pay, on September 23, 1948, the sum of $1,200 plaintiffs claim was due as rental for the premises. Defendant having failed to perform either alternative, the present suit was instituted.

■ *Questions:* First: *Was the notice to pay rent or quit insufficient in that it demanded a sum in excess of the amount due under the lease?*

This question must be answered in the negative. It is the general rule in the absence of a statute or agreement to the contrary that rent is not apportionable but is due and payable upon the date fixed for payment. (*Fahrenbaker* v. *E. Clemens Horst Co.*, 209 Cal. 7, 9 [284 P. 905].) The present case does not fall within either of the exceptions stated in the general rule and therefore the rent was not apportionable.

Applying this rule the facts are as follows:

The monthly rental was $900. Of the first month's rent $600 was paid at the time of the execution of the lease. The additional $300 was due 20 days after completion of painting the 12 single rooms, and it is admitted that such completion was on August 23, 1948. Thirty days after the 23d of August, the second month's rent became due by the terms of the lease. Hence on September 23d there was due plaintiffs as rental from defendant the sum of $1,200. This was the amount specified in the notice to pay rent or quit, and was the correct amount. In view of the quoted provisions of the lease it is immaterial as to when future installments of rental should become due and payable.

■ Second: *Did the trial court fail to find upon material issues raised by the pleadings?*

This question must also be answered in the negative. The trial court made specific findings in favor of plaintiffs on the essential allegations of their complaint and against defendant's denial thereof. It likewise found that defendant's affirmative defense* was untrue. Since such findings are sustained by the evidence they are controlling upon this court.

■ Third: *Did the trial court commit prejudicial error in refusing to permit defendant to amend his answer and set up an additional defense that plaintiffs interfered with defendant's tenants?*

This question must be answered in the negative. Defendant neither cites authority nor provides this court with argument in support of his contention. Hence such alleged error will be disregarded. (*Todd* v. *Meserve,* 93 Cal.App. 370, 390 [269 P. 710].)

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied March 24, 1950, and appellant's petition for a hearing by the Supreme Court was denied May 4, 1950.

---

*The court found: "And by way of a first separate and further affirmative defense, this defendant alleges: I. That the amount of the rent provided in said lease exceeds the amount which *is permissible to be collected* under the terms of the Rent and Housing Act of 1948 [62 Stats. 93, 50 U.S.C.A.App. § 1881 et seq.]."