[Civ. No. 4324. Fourth Dist. May 16, 1951.]

DOROTHY S. HINDIN, as Testamentary Trustee, Appellant, v. C. L. CAINE, Respondent.

Maurice J. Hindin for Appellant.

Lawrence W. Young for Respondent.

GRIFFIN, J.—Plaintiff sought to recover from defendant $1,066.64 on a common count of money had and received. Judgment went for defendant. On May 11, 1945, an oil and gas lease was entered into by plaintiff's predecessor with the Tide Water Associated Oil Company, hereinafter referred to as "Tide Water," covering an undivided one-half interest in 320 acres of land in Kern County. The term of the lease was for a period of five years from the 11th day of May, 1945, and provided that during the first three years of the term of said lease, the lessee was not obligated to commence drilling

operations on said property, but that commencing with the fourth year of the term of the lease lessee should pay or tender to lessor yearly, in advance, as rental, an equal one half of the sum of $10 per acre per year, or the sum of $1,600. (Lessee had not theretofore commenced drilling operations or terminated the lease.)

On November 14, 1948, plaintiff, who was the then owner of the lease, entered into an agreement with the defendant, assigning to defendant, in consideration of the sum of $8,000 in cash and $7,500 each year thereafter during the term thereof, her interest in said oil lease. In accordance with the terms of the assignment defendant was given the right to and did execute a quitclaim deed on September 29, 1949, quitclaiming his interest in the lease back to plaintiff. At that time defendant was not in default under the assignment. The only benefit he received thereunder was the $1,600 received from the Tide Water on May 20, 1949.

By this action plaintiff attempted to recover $1,066.64, the proportionate amount of the $1,600 of money paid by the Tide Water for the period from September 29, 1949, to May 10, 1950. The deferred right of Tide Water was for the period from May 11, 1949, to May 10, 1950. The $1,600 paid by the oil company was paid, according to the lease, "yearly in advance as rental," for the privilege of deferring drilling operations for one year. On May 10, 1949, Tide Water sent to plaintiff its check for $1,600, which was returned by plaintiff to the oil company with instructions to mail it to defendant. This was done on May 20, 1949.

It is plaintiff's position that defendant was entitled to retain only such income as was produced during the life of the agreement with the plaintiff and was not entitled to retain any income earned or accrued after the termination of the agreement, even though such income might have been collected in advance by the defendant during the term of such agreement; and secondly, that plaintiff was entitled to judgment on the theory of unjust enrichment of defendant.

The written agreement between plaintiff and defendant and their relationship is the prime concern of this litigation. It specifically provides for the transfer of the lease "including herewith the transfer . . . of all rights of the lessor, *accrued or to accrue,* in and under the aforesaid oil and gas lease, to receive and enjoy all bonuses, rents, royalties, considerations, and other benefits which are or may be presently due and

owing by the lessee thereunder and which *may accrue* thereon or therefrom or from or for any extension thereof, during the term hereof.''

The quitclaim deed recites that defendant ''does hereby remise, release, reconvey and quitclaim'' to plaintiff ''all of his right, title and interest in and to that certain real property'' and defendant quitclaims to plaintiff ''all of the rights granted to the said'' defendant under the agreement. The effect of such quitclaim is set forth in *Westlake* v. *Silva,* 49 Cal.App.2d 476 [121 P.2d 872].

Plaintiff contends that the $1,600 payment was not rent, but if such payment were rent or money paid for deferred drilling, the written agreement shows that defendant relinquished all of his right to any unearned portion thereof when he quitclaimed his interest in the lease back to plaintiff, and that the common-law rule that rents may not be apportioned was abrogated by section 1935 of the Civil Code which now provides:

''When the hiring of a thing is terminated before the time originally agreed upon, the hirer must pay the due proportion of the hire for such use as he has actually made of the thing, unless such use is merely nominal, and of no benefit to him.'' (Citing *Mott* v. *Cline,* 200 Cal. 434, 451 [253 P. 718] ; *Silveira* v. *Ohm,* 33 Cal.2d 272 [201 P.2d 387] ; and Restatement of the Law of Property, § 120, *Comment d,* p. 376.)

▉▉ It is defendant's contention that the payment was an advance rental payment as reflected by the very terms of the lease which describe it ''as yearly rental in advance . . . until drilling operations are commenced''; that section 1935 of the Civil Code has no application to rents payable and paid in advance and therefore *Mott* v. *Cline, supra,* and *Silveira* v. *Ohm, supra,* relied upon by plaintiff, have no application. In addition to this contention, defendant also argues that the lease and agreement, when construed together, clearly show that it was the intention of plaintiff to assign to defendant all rights plaintiff had in and to the leasehold property, which included all rights ''accrued or to accrue'' thereunder, and all ''rents . . . considerations, and other benefits which are or may be presently due and owing by lessee,'' and which ''*may accrue* thereon or therefrom . . . during the term hereof.''

In *McComber* v. *Kellerman,* 162 Cal. 749 [124 P. 431], an oil lease provided that in the event the defendant (lessee) failed to drill for oil in a specified time, the defendant

had the right to retain the land and defer the right to drill upon paying plaintiff (lessor) a specified sum. It was contended that said specified sum for deferred drilling rights was in the nature of liquidated damages. The court held that said specified sum was "clearly in the nature of rental for the premises or compensation for the right, and not an attempt to fix a penalty or liquidated damages." (See, also, *Allen* v. *Narver*, 178 Cal. 202 [172 P. 980]; *Pellissier* v. *Pan-American Petroleum Co.* 62 Cal.App. 543, 547 [217 P. 570]; and *Griffin* v. *Kent*, 111 Cal.App. 569, 572 [295 P. 854].)

The general rule is stated in 32 American Jurisprudence, section 915, page 777:

"If the rent for the entire period between rent days is payable in advance, a surrender during the period does not operate to discharge the rent or any portion thereof for such period. The theory of this view is that rent payable in advance is considered as accruing on the day on which it is due."

In *Fahrenbaker* v. *E. Clemens Horst Co.*, 209 Cal. 7, 9 [284 P. 905], the court says:

" ' "Rent is not, in common law regarded as accruing from day to day, as interest does, but it is only upon the day fixed for payment that any part of it becomes due. The result of this principle is that, ordinarily, the person who is on that day the owner of the reversion is entitled to the entire instalment of rent due on that day, though he may have been the owner of the reversion or rent but part of the time which has elapsed since the last rent day. . . . When the landlord makes a conveyance of the reversion, the grantee is entitled, in the absence of a contrary stipulation, to all of the rent which falls due at the next rent day." ' " (Citing cases.) It then quotes with approval the following statement: "It is well settled that in all cases of periodical payments, accruing at intervals, and not *de die in diem,* there can be no apportionment, for rent will not be apportioned in respect of time, unless by force of a statute or of some special provision of the lease." (See, also, *Harabedian* v. *Parnell*, 96 Cal.App.2d 358, 359 [215 P.2d 73]; and *Title Ins. & Trust Co.* v. *Amalgamated Oil Co.*, 63 Cal.App. 29, 34 [218 P. 71].)

Section 1935 was adopted in 1872, and the provisions thereof were in full effect when these cases were decided.

We are in accord with respondent's contention. The ulti-

mate finding of the trial court is fully supported by the evidence.

We see no merit to the argument that plaintiff should recover from defendant on the ground of unjust enrichment. Defendant paid plaintiff $8,000 in cash as rental for the privilege of obtaining the benefits of the oil lease for a one-year period, which term was subsequently reduced to approximately 10 months by virtue of the quitclaim deed. Apparently there were no returns therefrom during that period other than the $1,600 mentioned. If there were any unjust enrichment it was not defendant who was unjustly enriched.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 12, 1951.