In the Matter of JAY–NORM CORPORA-
TION, a California corporation,
Bankrupt.
No. 85778.

United States District Court
S. D. California,
Central Division.
Dec. 30, 1958.

Craig, Weller & Laugharn, Los Angeles, Cal., for trustee.

Richard E. Erwin, Los Angeles, Cal., for petitioner on review.

BYRNE, District Judge.

Prior to bankruptcy, Jay-Norm Corporation as lessee and Haig M. Prince as lessor executed a lease covering real property which provides for monthly installments of rent to be paid on the 25th day of each month. The lease also provides that if bankruptcy is filed by the tenant and remains for a period in excess of five days, this fact shall, *at the option of the lessor,* be deemed a breach of the lease. It further provides that in the event of failure to pay rent the lessor, *at his option,* may declare a breach of the lease.

The installment of rent due on February 25, 1958, is unpaid. On March 5, 1958, the bankrupt filed a voluntary petition in bankruptcy, an adjudication was made, the trustee of the bankrupt estate took possession of the demised premises and occupied them until March 30, 1958, on which date he terminated the occupancy. The lessor contends he is entitled to rent as a priority debt under Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, for the entire period of the trustee's occupancy, i. e. from March 5, 1958, to March 30, 1958.

On May 7, 1958, the Trustee in Bankruptcy filed a "Petition for Order to Show Cause Determining Trustee's Liability For Administration Rent". Following a hearing on the Order to Show Cause, the Referee filed his findings of fact and ordered that the lessor be allowed a priority as an expense of administration under Section 64, sub. a of the Bankruptcy Act (11 U.S.C.A. § 104) *only* six days' rent covering the period from March 25, 1958, through March 30, 1958, and that the lessors' claim for the remaining portion of the rent be allowed only as a general unsecured claim.

In California rent payable monthly on a day certain accrues and becomes due on that day, and the landlord cannot be divested of his right to the entire month's rent as rent is not apportionable. In re Benguiat, D.C., 20 F. Supp. 504; Title Insurance & Trust Co. v. Amalgamated, 63 Cal.App. 29, 218 P. 71; Harabedian v. Parnell, 96 Cal. App.2d 358, 215 P.2d 73; Hindin v. Caine, 104 Cal.App.2d 238, 231 P.2d 83; Friedman v. Isenbruck, 111 Cal.App.2d 326, 244 P.2d 718. Relying on this statement of the law the trustee argues that a month's rent accrued on February 25, 1958, which was prior to bankruptcy, and that the landlord is limited to a general claim for this month period.

The trustee's argument does not dispose of the essential question in this case. The rule that the month's rent accrues at the beginning of the day due and cannot be apportioned is for the benefit of the landlord and augments such other rights and privileges as he may have. It does not mean that he is *required* to accept the right to collect the month's rent and to accept the tenant's occupancy for the month, if he has a right of re-entry.

In the instant case there was a default in the payment of rent on February 25, 1958, which gave the landlord the *option* of re-entry. He had his choice—he could declare a breach of the lease and repossess or he could stand on the lease and demand the rent according to the terms of the lease. It is the landlord's position that he exercised his option to declare a breach of the lease and that he repossessed the demised premises prior to the filing of bankruptcy and the occupancy of the trustee. If the landlord's position is supported by the record, the trustee when he occupied the premises did not stand in the shoes of the bankrupt, but was directly liable to the landlord for the rent, and the landlord was entitled to a priority as an expense of administration under Section 64, sub. a of the Bankruptcy Act (11 U.S.C.A. § 104).

Whether the landlord exercised his option is a question of fact, but the referee apparently did not consider it material to the decision of the case and did not make a finding. Before deciding whether there must be a remand to the referee for appropriate findings, the record will be examined.

There is no evidence in the record of any action on the part of the landlord to

declare a breach of the lease *subsequent* to the filing of bankruptcy nor does he contend that he made any attempt to exercise his option *subsequent* to bankruptcy. In support of his position that he declared a breach of the lease and repossessed the premises *prior* to the filing of bankruptcy, he relies upon his own testimony at the hearing as follows: (Tr. p. 15):

"Just before the filing of the bankruptcy I told the tenant that * * * I said, 'Under the terms of your lease I am entitled to ask you to move out immediately and I am' and he said, 'Mr. Prince, I acknowledge it.'"

This language is so ambiguous that it is impossible to determine whether the landlord was referring to the default for non-payment of rent or the default which he anticipated would result from filing bankruptcy. In either event it is clear that there was no voluntary abandonment of the premises to the lessor as the lessee remained in occupancy until it delivered the premises, together with its other assets, to the Bankruptcy Court.

■ The lessor's statement to the lessee regarding his rights under the lease falls far short of establishing the exercise of his option to repossess the premises. In California the lessor's right to repossession is controlled by Section 791 of the Civil Code which provides:

"Whenever the right of re-entry is given to a grantor or a lessor in any grant or lease or otherwise, such re-entry may be made at any time after the right has accrued, upon three days' notice as provided in sections 1161 and 1162, Code of Civil Procedure; * * *."

A provision in a lease that no notice or demand is necessary for the lessor to re-enter the premises is nevertheless subject to the requirement of a three-day written notice as provided by Civil Code, § 791. See Susuma Igauye v. Howard, 114 Cal.App.2d 61, 249 P.2d 558; Lydon v. Beach, 89 Cal.App. 69, 264 P. 511.

■■ The absence of a finding that the landlord did not exercise his option and did not repossess the premises prior to bankruptcy, through error, is not prejudicial error. No purpose would be served by remanding the matter for additional findings as the record would not support a contrary finding. Where the record is so clear that the court does not need the aid of findings, it may waive such a defect on the ground that the error is not substantial in the particular case. Hines v. Perez, 9 Cir., 242 F.2d 459, 465; Yanish v. Barber, 9 Cir., 232 F.2d 939.

The Order of the Referee is affirmed.